53   403
89   627

[No. 3698.]

# JOHN BIGLEY v. EDWARD NUNAN ET ALS.

NUISANCE—PUBLIC HIGHWAY.—To maintain an action for special damages caused by an obstruction of a highway, constituting a public nuisance, a plaintiff must have suffered injury different in kind from that sustained by the public at large.

APPEAL from the County Court of the City and County of San Francisco.

Action to abate a nuisance caused by the erection of a fence in the highway in front of plaintiff's property, and for damages. The only allegation of damage is that referred to in the opinion. Plaintiff had judgment, and defendants appealed.

*George & Loughborough*, for Appellants.

*Hulton & O'Neil*, for Respondent.

By the COURT:

The obstruction of the alleged highway consists of a fence running lengthwise along the middle of the street, and connected by cross fences with the side of the street *opposite* to premises of plaintiff. The access from plaintiff's lot to the street has not been cut off or impeded, and if plaintiff and his immediate neighbors have more occasion to pass through the street than the public at large, this is an inconvenience in degree only, and is not an injury in *kind* different from that sustained by the public.

The only damage complained of by plaintiff is that by reason of the obstruction " his said property is lessened and decreased in value." But it has been expressly held by this Court that in an action to recover special damages, caused by placing an obstruction in the street opposite the residence of a plaintiff, evidence to show that the land would sell for less on account of the nuisance is not admissible. In such cases a defendant is liable only for the special and particular damages sustained prior to the commencement of the suit. The nuisance may be abated or removed, and to give damages on account of the decreased *value of the land* would be to give damages for all the injury the premises would ever sustain, which would be clearly wrong. (See *Hopkins* v. *W. P. R. R. Co.* 50 Cal. 194, and cases there cited.)

It is the pecuniary damage suffered which constitutes the basis of the action, considered as an action at law.

If the present be treated as a bill in equity for an injunction, the rule is equally without exception in reference to private actions for obstructions of public highways, that the injury complained of must be special in character, and not merely greater in degree than that of the general public. (Wood's Law of Nuisance, sec. 655.)

In the present case no such special damage has been sustained.

Judgment and order reversed, and Court below directed to dismiss the action.

Mr. Justice CROCKETT expressed no opinion.