[No. 6,027.]

## PAYNE ET AL. *v.* McKINLEY ET AL.

PUBLIC NUISANCE—NUISANCE—PLEADING—INJUNCTION.—To entitle a party to maintain an action to enjoin the construction of a public nuisance, the complaint must show special damage to the plaintiff; and *facts* must be stated to show that the apprehension of injury is well founded.

INJUNCTION.—An order dissolving a preliminary injunction should not be disturbed, unless it appear that there has been an abuse of discretion.

APPEAL from an order dissolving an injunction, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

The facts are stated in the opinion.

*O. P. Evans, Alfred Wheeler,* and *S. M. Wilson,* for Appellants.

Section 3493 of the Civil Code provides that a private person may maintain an action for a public nuisance, if it is especially injurious to himself, but not otherwise. The plaintiffs have brought themselves within this clause, and § 731 of the Code of Civil Procedure. This also defines nuisances, and declares them to be the "subject of an action. Such action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened, by the nuisance." The case of *Schulte* v. *The North Pac. Trans. Co.* 50 Cal. 592, is in point. See also Wood on Nuisance, §§ 769, 779, 815, 829, 830. The case of *Blanc* v. *Klumpke,* 29 Cal. 156, is also in point.

*Lake & McCoon,* and *H. H. Haight,* for Respondents.

If the railroad be a nuisance, it must be a public nuisance. The plaintiffs must show, therefore, that they will sustain some *special private injury*—one peculiar to themselves, and not common to them and the public or many others. They do not show this. (*Lansing* v. *Smith,* 8 Cowen, 146 ; *Butler* v. *Kent,* 19 J. R. 223 ; *Dougherty* v. *Bunting,* 1 Sand. Sup. Ct. 1 ; 2 Waite's Prac. 56 ; *Aram* v. *Schallenberger,* 41 Cal. 449 ; *Market St. R. R. Co.* v. *Cent. R. R. Co.* 51 Id. 583; *Fish* v. *Dodge,* 4 Den. 311; *First Bapt. Church* v. *Utica & Sch. R. R. Co.* 16 Barb. 313.)

Department No. 1, Ross, J.:

Plaintiffs, who are private persons, are the owners and in possession of a certain block of land fronting on Berry Street, in the City and County of San Francisco, and bring this action to enjoin defendants from constructing a street railroad in and upon said street. The only averment of injury to plaintiffs found in the complaint is the following : " That the use and occupation of said street by defendants for the purpose of constructing and operating said railroad, as aforesaid, would cause great and irreparable injury to plaintiffs and their property, by reason of the constant obstruction and use of the said street by the said defendants, in front of plaintiffs' premises, as aforesaid."

The insufficiency of this pleading to show such special damage to plaintiffs as would enable them to maintain an action to enjoin the construction of a public nuisance, is obvious. *Facts* must be stated to show that the apprehension of injury is well founded. (Dillon on Mun. Cor. § 522, and authorities there cited; *Bigley* v. *Nunan,* 53 Cal. 403 ; *George* v. *N. P. T. Co.* 50 Id. 589 ; Civ. Code, § 3493.)

For this reason, as well as for the reason that in the record we discover no abuse of discretion of the Court below in dissolving the preliminary injunction, the order is affirmed.

McKINSTRY, J., and McKEE, J., concurred.