[In Bank. — June 4, 1883.]

## J. W. CROWLEY, APPELLANT, v. A. E. DAVIS, RESPONDENT.

PUBLIC STREET — CONSTRUCTION OF RAILROAD THEREON — INJUNCTION. — The owner of land bordering on a public street, but not including any portion of the street, cannot enjoin the obstruction of the street by a railroad, unless the injury to him will be different in character, and not merely greater in degree than that which the general public will suffer.

APPEAL from a judgment of the Superior Court of the county of Alameda.

The action was brought to enjoin the defendant from constructing and operating a steam railroad on Webster Street in the city of Oakland. The city council had passed an ordinance granting to the defendant the right to construct and maintain the road, but the validity of this ordinance was assailed on various grounds. The injunction was denied, and a judgment rendered dismissing the action.

*W. W. Foote, Vrooman & Davis,* and *J. C. Martin,* for Appellant.

Plaintiff has a right to maintain the action. (*Ford* v. *C. & N. R. R. Co.* 14 Wis. 669; *Williams* v. *N. Y. C. R. R. Co.* 16 N. Y. 97; *Wager* v. *Troy Union R. R. Co.* 25 N. Y. 529; *Imlay* v. *Union Br. R. R. Co.* 26 Conn. 249; *S. P. R. R. Co.* v. *Reed,* 41 Cal. 259; § 14, art. 1, Cal. Const; Code Civ. Proc. 731; *Blanc* v. *Klumpke,* 29 Cal. 158; *Grigsby* v. *C. L. W. Co.* 40 Cal. 406; *Schulte* v. *N. P. T. Co.* 50 Cal. 594.)

*Greathouse & Blanding,* for Respondent.

SHARPSTEIN, J. — It appears by the statement of facts, upon which this case by stipulation of the parties was submitted to the court below, that the easterly line of the street in which the plaintiff seeks to have the defendant enjoined from constructing and operating a railroad, constitutes the western line of plaintiff's land, and "that the laying down of railroad tracks by defendant, and the operation of a railroad along said street, would impede and obstruct the use thereof as a public street to the same extent as other steam railroads laid down and operated in any street in a city, and to that extent does impede the free access, ingress, and egress to and from plaintiff's property and across said street, and that his property will be damaged thereby to the same extent as property would be damaged on any other street by the construction and operating thereon of a steam railroad."

The plaintiff's land "run up to the eastern line, and not to the middle of the street." (*Severy* v. *C. P. R. R. Co.* 51 Cal. 195.)

In *Bigley* v. *Nunan*, 53 Cal. 403, it was held that a private party is not entitled to an injunction to prevent the obstruction of a public highway, unless the injury which he will suffer thereby is shown to be different in character, and not merely greater in degree than that which the general public will suffer. And the court says that that rule is without exception. That case was approved and followed in the recent case of *Payne* v. *McKinley*, 54 Cal. 532.)

In the case now before us it does not appear that the injury which the plaintiff will sustain, if said railroad be constructed and operated in said street, will be different from, or even greater than that which the public at large will suffer if said railroad be constructed and operated in said street; and, upon the authority of the cases above cited, the judgment must be affirmed.

Upon the other questions arising in this case we express no opinion.

Judgment affirmed.

Ross, J., McKee, J., and McKinstry, J., concurred. Myrick, J., concurred in the judgment.