[No. 11482.   Department Two. — September 24, 1886.]

## J. M. HOGAN, APPELLANT, v. CENTRAL PACIFIC RAILROAD COMPANY, RESPONDENT.

NUISANCE — OBSTRUCTING STREET — RIGHTS OF ADJOINING PROPRIETOR — SPECIAL DAMAGE. — An action to abate or to recover damages for a nuisance caused by the obstruction of a public street cannot be maintained by an adjoining proprietor whose land only extends to the margin of and does not include the street, unless he has suffered some special damage by reason of the nuisance.

ID. — No special damage is caused to the adjoining proprietor by reason of the nuisance, where the injury suffered by him is similar in character and kind with that inflicted upon the other land-owners fronting on the line of the street.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion.

*J. C. Campbell*, and *J. H. Budd*, for Appellant.

The injury suffered by the plaintiff differs in character from that sustained by the general public in the use of the street. (*Blanc* v. *Klumpke*, 29 Cal. 158; *Grigsby* v. *C. L. W. Co.*, 40 Cal. 406; *Schulte* v. *N. F. G. M. Co.*, 50 Cal. 592; *Woodruff* v. *North Bloomfield G. M. Co.*, 9 Saw. 441.)

*W. L. Dudley*, for Respondent.

The plaintiff is not entitled to maintain the action because the injury inflicted upon him did not differ in kind or character from that inflicted upon the other adjoining owners. (Thompson on Highways, 256; Hilliard on Torts, 637, 638; *Quincy Canal Co.* v. *Newcomb*, 7 Met. 276; *Aram* v. *Schallenberger*, 41 Cal. 449; *Bigley* v. *Nunan*, 53 Cal. 403; *Payne* v. *McKinley*, 54 Cal. 532; *Crowley* v. *Davis*, 63 Cal. 460.)

SEARLS, C. — This is an action by the plaintiff, the owner of a house and lot, situate upon Sacramento Street,

Stockton, to recover damages, to abate as a nuisance, and enjoin defendant from maintaining, an embankment and railway track upon and along said Sacramento Street.

The cause was submitted to a jury upon special issues, and upon the findings of such jury, which were adopted by the court, and upon certain other findings made by the court, judgment was entered in favor of the defendant. The appeal is by plaintiff, from the final judgment, and the cause comes up on the judgment roll.

From the findings it appears, among other things, that Sacramento Street prior to March 31, 1869, was a public street and used as such, and was eighty feet in width and two miles in length; that plaintiff since said date has been the owner of the east half of block 199, described in the complaint, bounded on the east by the west line of Sacramento Street, upon which lot of land he had a dwelling-house which he was accustomed to let for a rental of about thirty dollars per month.

In 1869 it is admitted the defendant or its grantor constructed its railroad upon and through Sacramento Street, consisting of an embankment five and one half feet high and some thirty feet in width at the base, upon which its railroad track is laid, and over which it runs its cars, etc.

The railroad company obtained no authority or permission from the board of supervisors of the county of San Joaquin, or from the city council of the city of Stockton, to construct or maintain its road upon Sacramento Street.

A space of say thirty-five feet in width is left on the west side of the embankment along Sacramento Street for the passage of wagons, carriages, vehicles, etc., which is found to be room for their passage.

The railroad was so constructed as to afford security to life and property, and so as not to unnecessarily obstruct or impair the passage of the street in front of plaintiff's premises.

The facilities and means of ingress and egress to and from plaintiff's land, and the free use and occupation thereof, were obstructed by the embankment and track.

The rents of plaintiff's property were not reduced by reason of the railroad, and he suffered no damage therefrom.

Plaintiff was aware of the construction of defendant's road; did not consent thereto, but made no complaint, and gave no notice that it was a nuisance until March, 1884, when the amended complaint was filed.

Plaintiff has not sustained any injury by reason of the construction and operating of said railroad, different in character or kind from that which other land-owners fronting on the line of said street have suffered.

The complaint shows that from December, 1862, to 1870, the Western Pacific Railroad Company was a railroad corporation organized and doing business in the state of California, and under the laws thereof; that in June, 1870, the Western Pacific Railroad Company and the Central Pacific Railroad Company of California, also a corporation organized under the laws of the state of California, amalgamated and consolidated their capital stock, property, assets, franchises, liabilities, etc., under the corporate name of "The Central Pacific Railroad Company," the defendant herein, which is a corporation organized and now doing business under the laws of the state of California, etc.

The defendant admits these allegations, and avers that the Western Pacific Railroad Company was organized to construct and operate a railroad from San José, in Santa Clara County, to Sacramento, California; and that the railroad in question was constructed under the act of Congress of July 1, 1862, and the several acts amendatory and supplemental thereto, commonly known as the Pacific Railroad and Telegraph Acts of Congress, and under the statute of the state of California, approved May 20, 1861 (Stats. 1861, p. 607), entitled "An act to

provide for the incorporation of railroad companies," etc., and also the statute of the state of California, approved April 4, 1864, entitled "An act," etc. (Stats. 1864, p. 471); that by virtue of the acts and statutes aforesaid, said Western Pacific Railroad Company was authorized, and it was lawful for it to construct and operate its railroad in, on, and through Sacramento Street, etc.

As before stated, the cause comes up on the judgment roll alone, and we must presume the findings were supported by the evidence.

Upon the facts as presented, each party asked for a judgment, and the only question for consideration is, Did the facts impose upon the court below the duty of rendering judgment in favor of plaintiff?

Two facts exist which we think must preclude his recovery:—

1. His premises only extended to the west line or margin of and did not include the street upon which the railroad was constructed. He could not therefore maintain an action against the defendant for a nuisance caused by the obstruction of a public street in front of his lot, without showing some special damage. (*Severy* v. *C. P. R. R. Co.*, 51 Cal. 195; Thompson on Highways, 256.)

2. Plaintiff suffered no injury by reason of the construction and operating of the railroad, different in character or kind from that which other land-owners fronting on the line of the street have suffered.

It is well settled "that the special injury resulting from a public nuisance which will sustain a private action must be peculiar to the plaintiff, and not common to him and many others; if it operates equally or in the same manner upon many individuals constituting a particular class, . . . . it is not a special damage to each within the meaning of the rule." (Thompson on Highways, 256; *Lansing* v. *Smith*, 8 Cow. 146; *Butler* v. *Kent*, 19 Johns. 223; S. C., 10 Am. Dec. 219; *Pierce* v. *Dart*, 7 Cow. 609;

*Mills* v. *Hall*, 9 Wend. 315; S. C., 24 Am. Dec. 160; *Tibbets* v. *Blade*, 60 Cal. 428; *Crowley* v. *Davis*, 63 Cal. 460; *Aram* v. *Schallenberger*, 41 Cal. 449; *Bigley* v. *Nunan*, 53 Cal. 403; *Payne* v. *McKinley*, 54 Cal. 532.)

In view of the foregoing facts, and of the further fact that plaintiff had suffered no damage by reason of the railroad from June, 1870, to January, 1872 (from the time of the organization of the defendant to date of suit brought), we are of opinion the judgment in favor of defendant was proper and should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.