[L. A. No. 633.    Department Two. — December 3, 1901.]

# J. W. KISHLAR, Appellant, v. THE SOUTHERN PACIFIC RAILROAD COMPANY, Respondent.

ACTION FOR DAMAGE TO LEASEHOLD — EVIDENCE — INTEREST ON MONEY — HARMLESS RULING — MARKET VALUE OF LEASE — INSTRUCTION. — In an action to recover damages for injury to the plaintiff's lease-hold, from the construction of a railroad track, impeding plaintiff's ingress and egress, evidence elicited on the cross-examination of the plaintiff as to what he paid for interest on borrowed money . was not admissible as tending to show the rental value of the land; but whether it was admissible on general cross-examination or not, the ruling admitting it was harmless, where the plaintiff testified fully as to the value of the land, and what he paid as rental therefor, and as to the market value of the lease regardless of rental, and where the court instructed the jury that the measure of damages was the market value of the lease.

ID. — ALLEGED INJURY FROM TRACK IN ALLEY — TRACKS ON OPPOSITE LAND OF DEFENDANT — EVIDENCE — INSTRUCTION. — Where the injury complained of was alleged to have resulted from a railroad track constructed in an alley adjoining the leased property, and there was no averment or offered proof to show that the defendant negligently managed other parallel tracks situated on its own land across the alley, it was proper for the court to exclude evidence as to the number of cars run upon those tracks, and to instruct the jury that the use of the tracks upon the defendant's private land parallel with and contiguous to the alley, by running trains or leaving cars standing thereon, was not an element of damage in the action.

ID. — TIME AND MANNER OF ESTIMATING VALUE OF LEASE — VALUE IN USE TO PLAINTIFF. — It was proper for the court to instruct the jury that they were to estimate the value of the lease at the time when the track complained of was first completed and operated, and that the market value of the lease was not its value in use to the plaintiff for a particular purpose, but only its fair market value.

ID. — AVAILABILITY FOR PARTICULAR USE — MARKET VALUE. — The availability of the property for any particular use may be shown; but where all the facts bearing on the use for which the property was adapted and for which it is used are shown, the question to be considered is, what value in the market could be obtained, if the plaintiff wished to sell his property, from parties who wished to buy and would give its fair value.

ID. — COSTS, WHEN NOT RECOVERABLE — STRIKING OUT COST-BILL. — In an action for damages, where the plaintiff recovers less than three hundred dollars, he is not entitled to recover his costs, and it is

proper in such case for the court to strike out plaintiff's memorandum of costs.

ID. — PRACTICE — FILING NOTICE OF MOTION TO TAX COSTS — COMPLIANCE WITH STATUTE. — The practice, in this state, of filing within five days after notice of the bill of costs, a notice of motion to tax the costs, and on the day designated in the notice, or the day to which the hearing is postponed, calling up the motion *viva voce*, instead of filing a formal written motion in the first instance, is a sufficient compliance with the statute requiring the motion to be made within the five days.

APPEAL from a judgment of the Superior Court of Riverside County and from an order denying a new trial and from an order striking out a cost-bill.    J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Collier & Evans, for Appellant.

Purington & Adair, W. A. Purington, J. E. Foulds, and Foshay Walker, for Respondent.

THE COURT. — Action for damages.    The cause was tried before a jury, and the verdict was for plaintiff.    He appeals from the judgment, from the order denying new trial, and from the judgment disallowing him his costs.    Plaintiff was the owner of a leasehold interest in a certain lot in White's Addition to Riverside, the lease being for three years from November 13, 1895, with privilege of renewal at same rental for two years.    The lot was 25 feet wide and 120 feet long, entirely occupied by a warehouse.    Pachappa Avenue bounded the lot on the west, and was occupied by the tracks of the Santa Fé Railroad Company, so close to the building as to preclude the loading and unloading of teams at that end of the building, and it was used only to receive and discharge freight by rail. The east end of the warehouse fronted on an alley, through which alone plaintiff could receive and discharge freight by wagons.    He was engaged in selling fertilizers, and it was necessary to his business that he should have unobstructed ingress and egress to and from his warehouse by this alley.    On June 19th, defendant, without plaintiff's consent, but under license of the city authorities, duly given by ordinance, built its track through this alley, necessarily so near to plaintiff's building as to render it no longer of use to him, and he was compelled to vacate it, and it stood idle from about July 1,

1896, to April 16, 1897, when he surrendered the lease to the lessor.

1. Plaintiff was a witness in his own behalf. He had testified quite fully and specifically to the injury to his leasehold by the track in the alley, and had fixed the amount of the damage. He had testified, on cross-examination, to the value of the lot; also, what he paid as rental, and what the market value of the rental was, regardless of what he paid. He was further asked the market value of money in June, 1896, or about that time. The question was objected to by plaintiff as immaterial, irrelevant, and incompetent; the objection. was overruled, and plaintiff excepted, and now urges the ruling as error. The witness answered, stating what interest he paid on borrowed money at that time. This evidence as to the rate of interest on the money was not admissible as tending to show the rental value of the land. Whether or not it was admissible on cross-examination to test the general knowledge of the witness as to business and values, need not be determined, for we think it could not have been prejudicial to appellant. The witness testified directly to the value of the land and the value of his lease, and the court instructed the jury that the measure of damages was the market value of the lease, — what, upon the evidence, it would bring if the plaintiff desired to sell, and a purchaser desired to buy and paid a fair price for it; and in view of this condition of the case, the error, if it was an error, was without injury.

2. It appeared that defendant owned the land across the alley, opposite plaintiff's property, and had constructed tracks over this property parallel to the alley, one of which was near the alley, though on defendant's own land. The witness Pitman, cashier of defendant company, called by defendant, testified to the location and operation of the track in the alley, and also of the tracks of defendant across the alley, on its own lands, and that the use made of them was chiefly for shipping oranges. He was asked, substantially, how many cars each day the defendant was in the habit of running on the tracks which it had constructed on its own land. Defendant objected to the question as immaterial and irrelevant, claiming that "the question should be confined to the number of cars run over the road abutting on the Kishlar property, not on other roads." The objection was sustained, and plaintiff excepted. Upon this subject the court instructed the jury as follows:

"That the use of the tracks upon the private land of defendants, parallel with and contiguous to said alley, by defendant's running engine and trains thereon, or leaving cars standing thereon, is not an element of damage in this action." The rulings as to the evidence, and the instruction, are assigned as errors. There was no averment or offered proof that the defendant was guilty of any negligence in the management of its tracks on its own private land, and its ordinary use of those tracks, constructed on its own private land for its business purposes, constituted no legal damage to the plaintiff. We think, therefore, that the ruling and instruction of the court complained of were not erroneous.

3. In the instruction marked IX the court, among other things, told the jury that they were to estimate the value of the lease on the nineteenth day of June, 1896 (when the track was completed and operated), and that "the market value is not the value in use to the plaintiff for a particular purpose, . . . but only the fair market value of plaintiff's property." Plaintiff concedes in his brief "that market value is not necessarily the use to the plaintiff for a particular purpose," but he claims that "this use to the plaintiff for a particular purpose is a very proper element to be considered by the jury, . . . and should not be taken from the jury in arriving at market value." (Citing *San Diego Land etc. Co.* v. *Neale*, 88 Cal. 50.) In *Santa Ana* v. *Harlin*, 99 Cal. 538, which was a proceeding to condemn land, the court said: "The present market value of the land is the measure of damages, and not its value in use to the owner or to the parties seeking to condemn." There is nothing in the Neale case, *supra*, indicating a different rule. The availability of the property for any particular use may be shown, and in the present case all the facts bearing on the use to which the building was adapted and for which it was being used were shown. In *Lawrence* v. *City of Boston*, 119 Mass. 126, which involved the value of a leasehold interest in property sought to be condemned for a public building, the trial court, in charging the jury, said: "The value of the leases is their market value. . . . The fact, therefore, that one of these lessees, Lawrence, as has been argued by his counsel, did not want to move, wanted to stay there, would have paid a very large sum to stay there, is not a test of market value, because it is not a case of one who wants to sell and one who wants to buy. If Lawrence had wanted to go out, the question is, What

would his lease have brought? not what it would have been worth to him if he had wanted to stay there, because it may have been of greater value or less value to him than its value upon the market. That simply determines its value to him, not its market value. The question for you to consider is, If Lawrence wanted to sell this lease, what could he have obtained for it upon the market, from parties who wanted to buy and would give its fair value?" Gray, C. J., said: "The instructions were such as have been usually given in similar cases, and were correct."

There was no error in the instruction given.

4. It is contended that the court erred in its order striking out plaintiff's memorandum of costs. The amount claimed in the bill of costs was $95.40. The judgment was entered on the verdict, May 7, 1898. The cost-bill was served on May 9, 1898, and on the same day defendant served written notice that on May 16th defendant would move the court to tax the costs in the action. The parties appeared on the 16th and defendant presented the motion, and, after hearing, the court ordered that the memorandum be stricken out. This was not error. The action was for damages, and as the plaintiff recovered less than three hundred dollars, he was not entitled to recover his costs of the respondent.

It is claimed that defendant's motion came too late, and that serving the written notice of the motion was not sufficient, but that the motion itself should have been filed within five days after the notice of the bill of costs. (Code Civ. Proc., sec. 1033.)

The universal practice in this state has been to serve and file written notice of the motion to tax the cost-bill as the equivalent of filing a motion, within five days, and on the day designated in the notice, or the day to which the hearing shall have been postponed, to call up the notice and make the motion *viva voce*, a note of the motion being made by the clerk on his minutes. We think this practice is sufficient compliance with the statute. The order denying motion for new trial and the order striking out the cost-bill are affirmed.