[L. A. No. 1100.  In Bank.—March 29, 1904.]

# MARY F. ST. CLAIR, Appellant, v. SAN FRANCISCO AND SAN JOAQUIN VALLEY RAILWAY COMPANY, Respondent.

Obstruction of Street by Railway Company—Damages to Adjoining Owner—Mandatory Injunction—Amended Complaint.—Where a railroad company raised the grade of a street in front of plaintiff's lot without previous payment of compensation, and an action was brought to recover damages therefor and for a mandatory injunction to compel the removal of the obstruction, an amended complaint omitting the prayer for the mandatory injunction, and seeking to recover the damages alone, and omitting an averment that the grade was changed "wrongfully and unlawfully," does not materially change the cause of action, and it was error to strike the amended complaint from the files.

Id.—Unlawful Obstruction—Immaterial Words.—Upon the face of the amended complaint, without reference to the use of the words "wrongfully and unlawfully," it appears that the obstruction was wrongful and unlawful, in that private property may not be taken or impaired for public use without just compensation first made or paid into court for the owner. The use of or omission to use those words is not material to the cause of action.

Id.—Improper Ancillary Relief—Injunction—Abandonment by Amendment.—The cause of action for damages for the obstruction of the street without compensation first paid being the same in both cases, it cannot affect the cause of action that the original complaint demanded improper ancillary relief by way of mandatory injunction, to which the plaintiff was not entitled, and it was proper to abandon such demand and strike it from the amended complaint, and, recognizing that the defendant was entitled to occupy the streets after compensation made, to insist alone upon the award of such compensation.

APPEAL from a judgment of the Superior Court of Kern County and from an order refusing a new trial.  J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

P. W. Bennett, J. W. Ahern, and Omar Bushnell, for Appellant.

A steam-railway corporation cannot acquire a right of way for its road over a street in a municipality without com-

pensation first made to an abutting owner. (Const., art. I, sec. 14; *Weyl* v. *Sonoma Valley R. R. Co.,* 69 Cal. 203; *Porter* v. *Pacific Coast Ry. Co.,* (Cal.) 18 Pac. 428; *Shepard* v. *Metropolitan Ry. etc.,* 48 App. Div. 452; 62 N. Y. Supp. 977.) The amended complaint does not state a different cause of action for damages from that alleged in the original. (*Blanc* v. *Klumpke,* 29 Cal. 137; *Bigelow* v. *Ballarino,* 111 Cal. 563; *Eachus* v. *Los Angeles etc. Ry. Co.,* 103 Cal. 615.)

C. N. Sterry, Henry J. Stevens, T. J. Norton, and S. C. Smith, for Respondent.

The amended complaint materially changed the cause of action. (*Ramirez* v. *Murray,* 5 Cal. 222; *Hackett* v. *Bank of California,* 57 Cal. 355; *Wheeler* v. *West,* 78 Cal. 95.) It was proper to strike it from the files. (*Wheeler* v. *West,* 78 Cal. 95.)

HENSHAW, J.—Plaintiff alleged that she was the owner of certain lots of land abutting on Fifteenth Street in the city of Bakersfield; that the lots could not be conveniently used and enjoyed without the use of Fifteenth Street as a means of ingress and egress; that defendant "wrongfully and unlawfully" entered upon Fifteenth Street and "wrongfully and unlawfully" changed and altered the grade of the street in front of plaintiff's property by raising it to a considerable height and placing an embankment thereon, and thereafter "wrongfully and unlawfully" placed on the street at that point steel and iron railway tracks, with ties to sustain and support them, and ever since that time has been, and now is, "wrongfully and unlawfully" occupying the street in the manner above described, and further by operating and conducting on and over the street railway cars drawn by steam locomotives, thus interfering with the plaintiff in the use of her property, depriving her of her easement in the street, and of her means of ingress and egress to and from said property; that the defendant threatens to continue to obstruct the street in the manner above described; that it did not at any time prior to the time of entering upon said street and so obstructing it, or at any time thereafter, or at all, pay or cause to be paid to the plaintiff any sum of money for the damage done to her property, and that, by reason of the acts of defendant,

plaintiff has suffered damage to her property in the sum of three thousand dollars. Plaintiff prayed judgment for the sum of three thousand dollars, and for a mandatory injunction requiring defendant to remove the obstructions from the street and to restore it to the condition in which it was at the time of its entry thereon. Upon this complaint issue was joined and a trial was had. During the course of the trial plaintiff sought to offer evidence showing the damage done to her property. To the admission of this evidence defendant objected upon the ground that as the complaint declared for a nuisance and prayed a mandatory injunction abating the nuisance and restoring the street to its original condition, the damage to the property which was sought to be established by proof of the difference between its value before the obstruction and after was not admissible. The court took this view of the case and refused to admit the evidence, whereupon plaintiff sought and obtained leave of the court to amend her complaint. The amended complaint was in language identical with that of the original complaint, saving that it omitted the above-quoted words, "wrongfully and unlawfully," wherever they appeared, and omitted also the prayer for an injunction, and sought only three thousand dollars damages as detriment caused to the property. Defendant moved to strike out the amended complaint upon the ground that it stated a cause of action different from that declared in the original complaint. The court granted the motion to strike out, and this action is assigned as error. The court proceeded with the case, and rendered judgment in favor of the defendant upon plaintiff's inability to furnish further evidence, and from the judgment plaintiff appeals.

It is contended by respondent that the action of the court in striking out the amended complaint was justified, in that by the amended complaint the cause of action was changed from one *ex delicto* to one *ex contractu;* but in its ruling we think the court was in error. There is but one form of action in this state, and the complaint is required to contain in concise language a statement of the ultimate facts upon which plaintiff claims relief. The original action was for damages done to plaintiff's property by an unlawful obstruction of the street. The relief prayed, of a mandatory injunction abating the obstruction as a nuisance, was ancillary merely, and would

or would not be granted, as the facts justified. The adding to or taking away of the adverbial phrase "wrongfully and unlawfully" did not affect the cause of action pleaded—the presence of the words did not improve the complaint, and their absence did not impair its efficacy. They were mere epithets, and as said in *Going* v. *Dinwiddie*, 86 Cal. 633, are, "in general, meaningless." If the acts averred are shown to be unlawful, then this adverbial phrase is superfluous; if they are not shown by the pleading to be unlawful, the insertion of this phrase does not make them so. Upon the face of this complaint it appears without regard to these words that the obstruction of the street was wrongful and unlawful, in that private property may not be taken or impaired for public use without just compensation first made or paid into court for the owner. (Const., art. I, sec. 14.) The gravamen of the action in this case, both in the original complaint and in the amended pleading, was, that the defendant had proceeded in the active occupancy and use of the street, and had disturbed plaintiff in her rights and impaired the value of her property without paying to her, or to any person for her, any sum of money in compensation for the injury done. The cause of action, therefore, was the same in both pleadings, and was as well pleaded in the amended complaint as in the original. It did not affect the cause of action that the plaintiff had demanded greater relief than she was entitled to when she had demanded the relief to which she was clearly entitled. Having become satisfied upon the trial that her right to the ancillary injunction to abate a nuisance could not be maintained, it was proper for her to abandon it, and recognizing that the defendant was entitled to occupy the streets after compensation made to her, to insist alone upon the award of such compensation.

It follows, therefore, that the court erred in striking out the amended complaint. It should have been allowed to stand, defendant should have been compelled to plead to it, and the trial should have proceeded under it.

For the foregoing reasons the judgment and order appealed from are reversed and the cause remanded, with directions to the trial court to pursue the course here pointed out.

Shaw, J., Angellotti, J., McFarland, J., and Beatty, C. J., concurred.