[No. 3.   First Appellate District.—June 30, 1905.]

## ANN E. REYNOLDS, Appellant, v. PRESIDIO AND FERRIES RAILROAD COMPANY, Respondent.

PUBLIC NUISANCE—STREET RAILWAY—ABATEMENT BY ABUTTER ON HIGHWAY—PLEADING—INSUFFICIENT COMPLAINT.—The complaint of a private owner of property abutting on a highway does not state facts sufficient to constitute a cause of action for the abatement of a public nuisance consisting of a street railway whose tracks are not laid in the center of the street, as required by its franchise, but are laid a little more than four feet from the sidewalk adjacent to plaintiff's property, where it does not show an injury to the plaintiff different in kind from that which is suffered by every other owner of property on the same side of the street.

ID.—DAMAGES CAUSED BY NUISANCE—DIMINUTION IN RENTAL VALUE—ACTION FOR COMPENSATION.—An averment that the nuisance has damaged the "rental value" of the plaintiff's property in a

specified sum, with a prayer for damages in that sum as incidental to the abatement thereof, cannot help the cause of action, nor constitute an independent cause of action for compensation for "taking or damaging private property" under the constitutional provision therefor, which must be the subject of a separate action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

James Alva Watt, for Appellant.

Jesse W. Lilienthal, for Respondent.

COOPER, J.—The court sustained defendant's demurrer to the amended complaint, and thereupon judgment was entered for defendant. Plaintiff prosecutes this appeal from the judgment, and contends that the demurrer was improperly sustained.

The complaint alleges that plaintiff is the owner of a lot sixty feet in depth fronting forty-two feet on the southerly line of Union Street, between Hyde and Larkin streets, in the city of San Francisco; that the franchise of defendant required it to construct and operate its cable railway as nearly as possible in the center of the street, but that, in violation of its franchise, it forcibly intruded upon said street and the southerly half thereof, and constructed its tracks and subways so that the southerly track and subway was constructed, and ever since has been maintained and operated, within four feet and two inches of the southerly sidewalk of said street in said block, and about eight feet southerly of the line where it would be if constructed as required by its franchise; that the maintenance of said track as aforesaid has for two years next preceding the commencement of the action "and does still deprive plaintiff and her tenants of the use of the southerly half of said street, obstructed the use of the sidewalk in front of plaintiff's said property, obstructed ingress and egress to and from said property, endangered the lives and limbs of the plaintiff, her family, tenants, and the public at large, and has during all said time been and is still a public nuisance and a private nuisance to the plaintiff, has depreciated the rental value of plaintiff's said property to the

plaintiff's damage in the sum of seven thousand eight hundred dollars.''

Judgment is prayed that the defendant's tracks in said block be adjudged to be a public nuisance, and a private nuisance to plaintiff, and that they be abated, and the defendant enjoined from maintaining its tracks and operating its cars thereon, and for damages in the sum of seven thousand eight hundred dollars.

The theory of the plaintiff is, that the obstructions placed upon the public street by the defendant constitute a public nuisance, and that such nuisance is specially injurious to her.   Anything which unlawfully obstructs the free passage or use in the customary manner of any public street or highway is a nuisance.   (Civ. Code, sec. 3479.)   ''A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal.''   (Civ. Code, sec. 3480.)   ''A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise.''   (Civ. Code, sec. 3493.)

The well-recognized rule in this state is, that in order for a private person to maintain his action for the abatement of a public nuisance he must allege and prove that the injury to him is not only greater in degree but different in kind from that suffered by the public at large.   Any obstruction placed on a public street or highway would probably not affect any two individuals of that uncertain quantity known as the public in exactly the same degree.   The person who had occasion to use the street every day would, of course, suffer more injury than one who only used it occasionally.

We cannot find from the language of the complaint in this case that the plaintiff has suffered any injury different in *kind* from that suffered by every person who has had occasion to pass on the public street.   The first statement is, that the obstruction deprives plaintiff and her tenants of the use of the southerly half of the said street.   This, if so, is equally true as to all other persons who have had occasion to use the southerly half of said street.   The next statement is, that the operation of the track obstructs the use of the sidewalk in front of plaintiff's property.   It is not clear how the track

and the operation of the cars upon it, more than four feet from the sidewalk, could obstruct the use of the sidewalk; but if this is true the same would be equally true as to every other person whose property is similarly situated and as to every person desiring to use this sidewalk.

Then follows the statement that the operation of the cars and the maintenance of the track "has obstructed ingress and egress to and from said property, endangered the lives and limbs of the plaintiff, her family, tenants, and the public at large."

The obstruction of ingress and egress to and from the plaintiff's property is not different in kind from that suffered by every other owner of property along the street in the vicinity of the alleged obstruction. The use of the street by any one, whether by operating cars upon, or driving teams over, or passing on foot along the street would obstruct ingress and egress to and from the property situated upon the street; and the same is true as to endangering the lives and limbs of plaintiff and her tenants. The lives and limbs of all persons who have occasion to use the sidewalk or street are more or less endangered by the use of the street for all other purposes, whether by driving teams over it, riding on horseback, or operating cars upon it. There is no allegation that the obstruction prevents the plaintiff from having access to and from her property, nor is it alleged that the track of defendant is above or below the surface of the street, nor that the cars stand upon it in front of plaintiff's property. We must therefore presume that the tracks are the ordinary car-tracks of a street railway, and that the cars pass over and along the track four feet and two inches from the line of the sidewalk in front of plaintiff's property at intervals, and that during the greater part of the time there are no cars passing in front of plaintiff's lot. Such obstruction clearly would not prevent the plaintiff from getting on or off her lot to the public street.

In *Aram* v. *Schallenberger,* 41 Cal. 450, it was held that a private individual could not maintain an action to abate a nuisance caused by obstructing a public highway, unless he showed special damages to himself. The court said: "No doubt a private individual may sue to prevent or abate a public nuisance; but he must always show some special damage to himself in addition to that received by the public. The

rule is plain, and has always, so far as I know, been adhered to. . . . No special injury to their property is averred, and although from the facts stated we may conclude that the inconvenience to them will be greater than to the general public, it results simply from the more frequent occasion they may have to travel the road, and is of the same nature as would occur to any other person who might have occasion to use it.''

In *Jarvis* v. *Santa Clara Valley R. R. Co.,* 52 Cal. 438, the defendant had obstructed the navigation of a navigable stream. The complaint alleged that the obstruction ''was a nuisance and a perpetual obstruction to the navigation of the creek, and delayed the plaintiffs in the navigation of their vessel.'' It was held that the facts stated did not show damage ''differing in kind and character from that suffered by members of the general public having occasion to use the navigable stream,'' and that the action would not lie.

In *Bigley* v. *Nunan,* 53 Cal. 404, the obstruction consisted of a fence running lengthwise along the middle of the street and connected by cross-fences with the side of the street opposite to the premises of plaintiff. It was held that the action by a private individual would not lie. The court said: ''The access from plaintiff's lot to the street has not been cut off or impeded, and if plaintiff or his immediate neighbors have more occasion to pass through the street than the public at large, this is an inconvenience in degree only, and is not an injury in *kind* different from that sustained by the public. The only damage complained of by plaintiff is that, by reason of the obstruction, his property is lessened and decreased in value. But it has been expressly held by this court that in an action to recover special damages, caused by placing an obstruction in the street opposite the residence of a plaintiff, evidence to show that the land would sell for less on account of the nuisance is not admissible.''

In *Hogan* v. *Central Pacific R. R. Co.,* 71 Cal. 83, [11 Pac. 876], the defendant had placed an embankment and railway track along Sacramento Street opposite plaintiff's property. It is said in the opinion: ''The facilities and means of ingress and egress to and from plaintiff's land, and the free use and occupation thereof, were obstructed by the embankment and track. . . . Plaintiff suffered no injury by reason of the con-

struction and operation of the railroad different in character or kind from that which other landowners fronting on the line of the street have suffered. . . . We are of opinion the judgment in favor of defendant was proper and should be affirmed.''

(See, further, *San Jose Ranch Co.* v. *Brooks,* 74 Cal. 463, [16 Pac. 250]; *Siskiyou Lumber Co.* v. *Rostel,* 121 Cal. 511, [53 Pac. 1118]; *Quincy Canal* v. *Newcomb,* 7 Met. 276, [39 Am. Dec. 778]; *Fogg* v. *Nevada etc. R. R. Co.,* 20 Nev. 429, [23 Pac. 840]; *Baker* v. *Selma etc. Ry. Co.,* 135 Ala. 552, [93 Am. St. Rep. 42, 33 South. 685]; *O'Brien* v. *Norwich etc. R. R. Co.,* 17 Conn. 372; Thompson on Highways, p. 256, and cases cited.)

The cases of *Fisher* v. *Zumwalt,* 128 Cal. 493, [61 Pac. 82], and *San Francisco Sav. Union* v. *R. G. R. Petroleum etc. Co.,* 144 Cal. 134, [103 Am. St. Rep. 72, 77 Pac. 823], are not inconsistent with what has been said. In *Fisher* v. *Zumwalt* the odors and stenches from the defendant's tanks polluted the atmosphere in and about the dwelling-house of plaintiff; and the court held that the fact that it affected many other dwelling-houses did not prevent a private person from bringing his action to abate it. The court said: ''There is no doubt but that there are many nuisances which may occasion an injury to an individual from which an action would not lie by him in his private capacity, unless he can show special damage to his person or property differing in kind and degree from that which is sustained by other persons who are subjected to similar injury. Among such may be mentioned the invasion of a common and public right which every one may enjoy, such as the use of a highway, or canal, or public landing place. . . . In the one case the invasion is of a public right which injures many individuals in the same manner, although it may be in different degrees. In the other case no public or common right is invaded, but by the one nuisance the private rights and property of many persons are injured.''

In *San Francisco Sav. Union* v. *R. G. R. Petroleum etc. Co.,* 144 Cal. 134, [103 Am. St. Rep. 72, 77 Pac. 823], the obstruction prevented the plaintiff from access to the ocean. The court said: ''An obstruction to navigation, in so far as it would prevent the plaintiff from the right to the free use of

the public waters just as it would prevent every one else, would in one sense be an injury suffered alike by all the public. But the plaintiff has the right to free access from his land to the ocean. The obstruction of this right is a damage different in kind from that suffered by the general public, and in such case a private person may maintain his action.''

We know of no case, and none has been cited, where it has been held that an obstruction to a public highway may be abated by a suit at the instance of a private party, where the damage is not different in *kind* from that suffered by the public at large.

Plaintiff earnestly contends that the cases of *Kishlar* v. *Southern Pacific R. R. Co.*, 134 Cal. 636, [66 Pac. 848] ; *St. Clair* v. *San Francisco etc. Ry. Co.*, 142 Cal. 647, [76 Pac. 485] ; and *Smith* v. *Southern Pacific R. R. Co.*, 146 Cal. 164, [79 Pac. 868], are authority in support of this action. Those cases were all actions to recover damages, and not for the purpose of abating a nuisance.

It has long been settled that under our present constitution an abutting owner may maintain an action to recover the damage which he suffers through the occupation of a street by a railway company. (*Eachus* v. *Los Angeles etc. Ry. Co.*, 103 Cal. 614, [42 Am. St. Rep. 149, 37 Pac. 750].) These decisions are placed upon the constitutional provision that private property shall not be taken or damaged without just compensation to the owner. But the gravamen of this case is the abatement of a nuisance. It is alleged incidentally that the nuisance has depreciated the rental value of plaintiff's property to plaintiff's damage in the sum of seven thousand eight hundred dollars. It is not alleged that the value of the property has been depreciated, but its "rental value."

The nuisance may have depreciated the rental value of plaintiff's property, and yet not have damaged the plaintiff. In an action for damages the plaintiff must show that he has sustained some injury for which he can recover damages, and the object of the action must be the recovery of such damages. We cannot, under the most liberal rules, hold that this is an action for compensation for "taking or damaging private property."

The judgment is affirmed.

Hall, J., and Harrison, P. J., concurred.