[S. F. No. 3925.　Department One.—January 7, 1907.]

## FREDERICK BROWN, Appellant, v. JAMES REA, SAN JOSE AND SANTA CLARA RAILROAD COMPANY, and GEORGE W. ELDER, Respondents.

PUBLIC NUISANCE—RIGHT OF PRIVATE ACTION.—A public nuisance may inflict upon an individual such peculiar injury, different in kind, and not merely in degree, from that suffered by the general public, as to entitle him to maintain a separate action to abate it, and to recover damages therefor.

ID.—OBSTRUCTION TO HIGHWAY—RAILROAD—RIGHTS OF ABUTTING OWNERS.—Ordinarily an unauthorized and illegal obstruction to a highway is a public nuisance; and it may constitute a private nuisance as well to an abutting owner, if it obstructs his easement to a right of access from his land to the highway and from the highway to his land. But the operation of a railroad upon a street is not as to abutting owners *per se* a nuisance. It may or may not be a nuisance, according to the manner of its construction and operation, and to surrounding circumstances.

ID.—INJUNCTION NOT SUPPORTED—MERE OPERATION OF RAILROAD.—The mere fact that railroad-cars are to be operated in a street adjoining plaintiff's property does not show any such peculiar injury to him as will justify an injunction restraining the construction and operation of the railroad.

ID. — PLEADING — INSUFFICIENT COMPLAINT. — A complaint seeking to enjoin a railroad as an obstruction to the right of access of the plaintiff, which does not set forth any facts which show that his right of access has been obstructed by the work already done, or will be obstructed or impaired by the work to be done, but merely alleges his opinions and conclusions on that subject; and alleges that the defendants are constructing and intend to operate a four-track railroad upon the street in front of his premises, without stating the width of the street or the location or manner of construction of the ties and rails, or how often or in what manner cars or motors will be run upon them, or whether it will be a steam or a street railroad, does not state a cause of action justifying an injunction restraining its construction and operation.

ID.—DAMAGES NOT SUSTAINED.—A complaint, whether seeking damages
or an injunction, which fails to show some actual or threatened
injury to a private property right of the plaintiff is insufficient to
justify either. The allegation that the proposed work will ''greatly
lessen and diminish the value'' of the property is too indefinite;.
and an averment that defendants have commenced excavating the
street, and made a deep and wide trench therein ''which greatly
obstructs and impedes traffic on the street,'' is also too indefinite;
and where there is no averment that the trench is in front of
plaintiff's premises, or that it obstructs plaintiff's ingress and
egress, the complaint fails to show a cause of action, for damages
as well as for an injunction.

APPEAL from a judgment of the Superior Court of Santa
Clara County. Hiram D. Tuttle, Judge.

The facts are stated in the opinion of the court.

William P. Veuve, for Appellant.

Louis O'Neal, and Owen D. Richardson, for Respondents.

SLOSS, J.—The plaintiff filed a complaint alleging the
following facts: That he is the owner of a lot of land in the
city of San Jose, having a frontage of 88.6 feet on North
Market Street, a public street of the city; that upon this lot
there is a building in which plaintiff is carrying on a whole-
sale grain and produce business; that in the conduct of said
business it is necessary to use large drays and wagons to carry
the merchandise to and from said premises, and that said
trucks and wagons need free and unobstructed access and
ingress in and to said premises from Market Street. The com-
plaint alleges that the defendants wrongfully and without
right threaten and intend to enter Market Street and the part
thereof immediately in front of plaintiff's premises for the
purpose of laying ties and rails thereon in the construction of
two railroads, each of which will have double tracks, and that
the defendants have actually commenced the digging and ex-
cavating of the street, and have already made a deep and
wide trench therein which greatly obstructs and impedes the
traffic on said street, and that the defendants threaten and
intend to continue to tear and excavate the street and the part
thereof immediately in front of plaintiff's premises, to lay

ties and rails thereon, and, when the same are laid, to permanently run cars and motors thereon; that the occupation and use of said street and the part thereof adjoining plaintiff's premises and business house will irreparably injure and damage plaintiff and will greatly endanger and obstruct the use of plaintiff's premises, and will particularly and irremediably impair the right and easement of access thereto and egress therefrom, and will greatly obstruct, hamper, and impede plaintiff in the carrying on of his business on said premises, and will greatly lessen the value thereof, and will irremediably impair and destroy plaintiff's rights in Market Street and his easement of access to and ingress in and to and egress from his said premises; that plaintiff has already suffered damage by reason of the premises in the sum of one thousand dollars. The prayer of the complaint is for said sum of one thousand dollars and for an injunction restraining the defendants from digging and making any excavation in Market Street, or laying ties and rails thereon, or running cars thereon for any purpose.

The railroad company and the defendant Elder demurred on the ground that the complaint failed to state facts sufficient to constitute a cause of action. Defendant Rea demurred upon the same ground, and further specified certain particulars in which, as he claimed, the complaint was uncertain.

The demurrers being submitted to the court, an order was made sustaining all of them, with leave to the plaintiff to amend within ten days. No amendment having been made within the time allowed, the defendants had judgment against the plaintiff for their costs. From this judgment the plaintiff appeals.

It is unnecessary to consider any of the special grounds of demurrer urged by the defendant Rea, since we are satisfied that the general demurrers were properly sustained. Apparently the plaintiff attempted in his complaint to allege facts showing a threatened nuisance, the maintenance of which would be especially injurious to him. A nuisance is defined in the Civil Code (sec. 3479) as "anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully

obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway.'' Section 3480 of the Civil Code defines a public nuisance as ''one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal.'' Generally speaking, a public nuisance does not furnish ground for action by a private person, but such public nuisance may inflict upon an individual such peculiar injury as to entitle him to maintain a separate action for its abatement, or to recover damages therefor. (Civ. Code, sec. 3493.) The injury to the individual must, however, be different in kind and not merely in degree from that suffered by the general public. (*Aram* v. *Schallenberger,* 41 Cal. 449; *Bigley* v. *Nunan,* 53 Cal. 403; *Hogan* v. *Central Pacific R. R. Co.,* 71 Cal. 87, [11 Pac. 876].) Ordinarily, an obstruction to a highway, if unauthorized and illegal, is a public nuisance. The injury is to the right to travel upon the highway, which right resides in the public generally. Such obstruction may, however, constitute a private nuisance as well. Every owner of land abutting upon a highway has a right of access from his land to the highway and from the highway to his land. This right of access is an easement, and an obstruction to the highway which at the same time obstructs this easement is a peculiar injury to the abutting landowner and gives him a cause of action. (*Hargro* v. *Hodgdon,* 89 Cal. 623, [26 Pac. 1106].).

The plaintiff undoubtedly sought to allege such an obstruction of this easement as would constitute a peculiar injury to him. But in the complaint he does not set forth any *facts* which show that this right of access has been obstructed by the work already done, or will be obstructed or impaired by the work to be done. It is true that he asserts repeatedly that the construction and operation of the railroad will have such effect, but this is merely an allegation of his conclusions and opinions, and cannot be considered as stating a cause of action. The facts alleged are merely that the defendants are constructing and intend to operate a four-track railroad upon the street in front of his premises. These facts alone do not make it appear to the court that the plaintiff's right of

passage between the street and his premises will be in any
degree affected. The operation of a railroad upon a street
is not, as to abutting owners, a nuisance *per se*. It may or
may not be a nuisance, according to the manner of its con-
struction and operation and the surrounding circumstances.
In the present case the complaint does not allege the width
of the street, the location upon the street of the proposed ties
or rails, whether or not the ties or rails when completed will
project above the surface of the street, how often or in what
manner cars or motors will be run upon the rails, or any
circumstances showing anything more than that a railroad
will be operated upon a street adjoining the plaintiff's prem-
ises. It is not even stated whether or not the proposed rail-
road is a street railroad. The mere fact that railroad-cars
are to be operated on a street adjoining plaintiff's property
does not show any such peculiar injury to him as will justify
an injunction restraining the construction and operation of
the railroad.

We do not overlook the consideration that, under the con-
stitutional provision that "private property shall not be taken
or damaged for public. use without just compensation having
first been made" (Const. Cal., art. I, sec. 14), damages may
be recovered by an abutting owner for any public use of a
street which damages his adjoining property, or his easement
of access to and from the street. (*Eachus* v. *Los Angeles Ry.
Co.*, 103 Cal. 614, [42 Am. St. Rep. 149, 37 Pac. 750]; *Kishlar*
v. *Southern Pacific R. R. Co.*, 134 Cal. 636, [66 Pac. 848];
*St. Clair* v. *San Francisco etc. Ry. Co.*, 142 Cal. 647, [76
Pac. 485]; *Smith* v. *Southern Pacific R. R. Co.*, 146 Cal. 164,
[106 Am. St. Rep. 17, 79 Pac. 868].) And, perhaps, a pro-
posed use could be enjoined until the payment of the damage
which would follow such use. But the complaint, whether
seeking damages after the construction, or an injunction be-
fore, must show some actual or threatened injury to a private
property right of the plaintiff, and this the present complaint
fails to do. The allegation that the proposed work will
"greatly lessen and diminish the value" of the property is,
like other statements, a mere averment of opinion or conclu-
sion too general and indefinite to afford a basis for relief by
injunction.

So far as this is an action to recover damages for past

injury, the allegations of the complaint are open to the same criticism directed against the averments of threatened acts. All that is stated is that the defendants have already commenced digging and excavating the street, and "made a deep and wide trench therein, which greatly obstructs and impedes traffic on said street." There is no allegation that this trench is in the part of the street in front of the plaintiff's premises, nor is it averred, even by way of conclusion, that the trench obstructs the plaintiff's ingress to or egress from his premises. Even if the trench were shown to be immediately opposite plaintiff's property, its character and dimensions are not described. The words "wide and deep" convey no such definite idea as is required in a pleading of this character. Since the only fact alleged as a basis for the recovery of damages is the excavation of this trench, it follows that the complaint fails to show a cause of action for damages, as well as for an injunction.

There is abundant authority in support of the principal proposition discussed in this opinion,—i. e. that in an action to enjoin a nuisance there must be, not merely an allegation of the plaintiff's opinion or conclusion as to the effect of the proposed act, but a statement of facts from which the court may draw the conclusion that a nuisance will result. Some of the cases illustrating this rule are *Payne* v. *McKinley,* 54 Cal. 532; *Dunn* v. *City of Austin,* 11 S. W. (Tex.) 1125; *Bowen* v. *Mauzy,* 117 Ind. 258, [19 N. E. 526]; *Begein* v. *Anderson,* 28 Ind. 79; *Kingsbury* v. *Flowers,* 65 Ala. 479, [39 Am. Rep. 14]; *Adams* v. *Michael,* 38 Md. 123, [17 Am. Rep. 516]; *Thebaut* v. *Canova,* 11 Fla. 167; *Reynolds* v. *Presidio and Ferries Ry. Co.,* 1 Cal. App. 229, [81 Pac. 1118]. See, also, note to *Ryan* v. *Copes,* 73 Am. Dec. 106.

The judgment is affirmed.

Angellotti, J., and Shaw, J., concurred.