[Civ. No. 3933.  First Appellate District, Division One.—November 16, 1921.]

CYPRESS LAWN CEMETERY ASSOCIATION (a Corporation), Respondent, v. GASTON LIEVRE et al., Appellants.

[1] NUISANCE — FLOWER-STANDS IN FRONT OF CEMETERY GROUNDS — ABATEMENT.—An action may be maintained by a cemetery association to enjoin others from maintaining along the public highway in front of and adjacent to its cemetery portable stands for the sale of flowers and floral decorations, and from obstructing the entrances to the cemetery grounds, where the acts of such other persons, while partaking of the nature of a public nuisance, inflict upon the cemetery association a peculiar injury, different in kind, and not merely in degree, from that suffered by the general public.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Swart & Lyon for Appellants.

Joseph J. Bullock for Respondent.

WASTE, P. J.—The plaintiff brought this action to enjoin the defendants from maintaining along the state highway, in front of and adjacent to its cemetery, in San Mateo County, portable stands for the sale of flowers and floral

---

1, Obstruction in highway preventing access to property except by circuitous route as a special injury entitling owner to maintain action for damages or for abatement of nuisance, notes, 11 **Ann. Cas.** 287; 8 **L. R. A.** (N. S.) 226; 21 **L. R. A.** (N. S.) 74; **L. R. A.** 1917A, 1155.

decorations, and from obstructing the entrances to the cemetery grounds. The lower court determined that the maintenance of these stands and the selling of flowers therefrom created a nuisance by interrupting traffic and interfering with plaintiff's ingress and egress, and with the passage of its patrons to and from the highway and in and out of the cemetery. It granted a perpetual injunction, from which judgment the defendants appeal.

The respondent owns land on both sides of the Mission road, a public highway in San Mateo County, for a distance of some two thousand five hundred feet. Part of it is occupied as a cemetery, which extends far back on both sides of the road. On a portion of the property adjacent to the highway, and about one hundred feet from it, respondent erected a building containing its business offices and a flower-store, which was conducted in the premises. It has constructed and maintained an entrance in front of this building from the highway, which connects with and joins the main entrance to the cemetery, which, in turn, is the main and only public entrance to the cemetery on both sides of the roadway.

Until and prior to about six months before the filing of this action the appellant Marie Lievre had for a period of seventeen years maintained a movable flower-stand on the side of the highway at a point directly in front of the present location of the recently erected office building. When that structure was completed Mrs. Lievre was ordered away from that point. She thereupon moved her stand to a point on the roadway about nine feet away from the northerly entrance to that structure, where she continued to maintain her stand for the sale of flowers. The lower court found that the appellants, who it appears are all members of one family, on each morning placed on the sidewalk of the public highway, immediately in front of the cemetery of respondent, and in close proximity to the entrance thereto, large portable stands with projecting shelves, large and unsightly boxes and baskets in which were great quantities of greens, ferns, cut flowers, wreaths, wire-holders and other like materials, and also brought bottles, tin tubs, glass and crockery, jars, and other like receptacles which they filled with water, and from which, from time to time, they splashed water upon their wares and upon the highway,

causing the road to become slippery, dangerous, and unsafe for pedestrians, and that the selling of the flowers by the appellants from their stands created a nuisance, by causing the stopping of automobiles, interrupting traffic, and interfering with the plaintiff's ingress and egress, and with the passage of its patrons to and from the highway and in and out of the cemetery, to such an extent at times that funeral processions cannot enter the main entrance or driveway to the cemetery, but are obliged to use another roadway, and that the action of the appellants prevents plaintiff from carrying on its business of burying the dead with proper regulation and from having unobstructed use of its premises. It was further found that the appellants throw large quantities of greens, withered plants, and flowers upon the highway in front of the entrance, and make and cause great noise and confusion in and about the place, and impede, obstruct, annoy, and frequently insult persons who enter the grounds.

[1] On the foregoing complete and comprehensive findings, which are amply supported by the evidence, the trial court rested its judgment. We think its conclusion was correct. The acts of the appellants, while partaking of the nature of a public nuisance, undoubtedly inflict upon the respondent a peculiar injury, different in kind, and not merely in degree, from that suffered by the general public. Under such circumstances the party thus injured may maintain an action for the abatement of the nuisance. (*Cushing-Wetmore Co.* v. *Gray,* 152 Cal. 118, 121 [125 Am. St. Rep. 47, 92 Pac. 70]; *Brown* v. *Rea,* 150 Cal. 171, 174 [88 Pac. 713]; *Hargro* v. *Hodgdon,* 89 Cal. 623, 628 [26 Pac. 1106]; *Helm* v. *McClure,* 107 Cal. 199, 205 [40 Pac. 437].)

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.