# CHARLES RICHARDSON, APPELLANT, *v.* CITY OF EUREKA, RESPONDENT.

NUISANCE—OBSTRUCTION OF WATERCOURSE—INJUNCTION—FORMER ADJU-
DICATION—RECOVERY OF DAMAGES—INJURIES NOT ADJUDICATED.—In
an action to enjoin the continuance of a nuisance caused by the obstruc-
tion of a watercourse in which the complaint alleges injury to the plain-
tiff's land and buildings, a former judgment for the recovery of damages
caused by the obstruction of the same watercourse, the record of which
does not disclose that injury was caused to the plaintiff's buildings, or
to the rental value of his premises, is not conclusive as to such injury;
and it is open for the defendant to show that the injuries to the build-
ing complained of were the result of defects in its construction, or of
its situation, uninfluenced by the nuisance created by the defendant;
and a decision founded on evidence tending to prove those facts cannot
be disturbed as being in conflict with the prior adjudication.

ID.—RES ADJUDICATA—INFERENCE.—The application of the doctrine of *res
adjudicata* cannot be made by inference or surmise upon the effect of
the judgment.

ID.—STREET CULVERT—CONTINUANCE OF OBSTRUCTION—OFFER TO REDRESS
INJURY—REFUSAL OF INJUNCTION.—Where a city had obstructed a
watercourse, by the erection of a culvert across a street, to the injury of
the plaintiff, and had endeavored to redress the injury in a proper man-
ner, but its efforts were thwarted by the conduct of the plaintiff in
refusing to accept the offered remedy, an injunction was rightfully
refused to prevent the wrong which was otherwise irremediable.

ID.—EQUITY CASE—FINDINGS ADVISORY—INSTRUCTIONS.—An action to
enjoin a nuisance is a case in equity, and the verdict of a jury in such
a case is merely advisory to the court; and if instructions given to the
jury are erroneous, such error is not ground for reversing the judgment,
the correctness of the decision of the court, and not the propositions of
law it laid down for the guidance of the jury, being the only question
for determination upon appeal.

ID.—EXPRESS FINDINGS—WAIVER—PRESUMPTION UPON APPEAL.—Express
findings by the court are necessary in an equity action, unless they are
waived; but the absence of such findings in the record is not a fatal
defect, unless it affirmatively appears that they were not waived.

APPEAL from a judgment of the Superior Court of the
County of Humboldt and from an order denying a new
trial. G. W. HUNTER, Judge.

The facts are stated in the opinion of the court.

*John W. Turner*, for Appellant.

The question of nuisance having been established by
the former judgment, the court will grant an injunction

as matter of course, where, as here, such nuisance is of a continuous or constantly recurring character. (*Hicks* v. *Davis*, 4 Cal. 67; *Paddock* v. *Somes*, 102 Mo. 226; Wood on Nuisances, 941–46, and cases cited; 3 Pomeroy's Equity Jurisprudence, secs. 1347–50; *Perry* v. *Fitzhowe*, 8 Ad. & E. 757; *Rhodes* v. *Dunbar*, 57 Pa. St. 274; 98 Am. Dec. 221; *Cleveland* v. *Citizens' Gas Light Co.*, 20 N. J. Eq. 201; *Corning* v. *Troy Iron etc. Factory*, 40 N. Y. 191; *Daubenspeck* v. *Grear*, 18 Cal. 443.) Plaintiff could not have avoided the injury by ordinary diligence, and he had no lawful remedy other than an injunction. (*Fraler* v. *Sears Union Water Co.*, 12 Cal. 558; 73 Am. Dec. 562.) Plaintiff's right being violated, there was an actionable nuisance, even though no actual damage was sustained. (*Ellis* v. *American Academy*, 120 Pa. St. 608; 6 Am. St. Rep. 739; *Moore* v. *Clear Lake etc.*, 68 Cal. 146; 6 Wait's Actions and Defenses, 282; *Ashby* v. *White*, 2 Ld. Raym. 938; *Fisher* v. *Clark*, 41 Barb. 327; Wood on Nuisances, 2d ed., 1012.) In suits in equity, the verdict of the jury is only advisory to the court. (*Sweetser* v. *Dobbins*, 65 Cal. 529.) As findings were not waived, the court ought to have made and filed them. (*Van Court* v. *Winterson*, 61 Cal. 616; *Sullivan* v. *Royer*, 72 Cal. 249; 1 Am. St. Rep. 51; *Bennett* v. *Pardini*, 63 Cal. 155; *Cummings* v. *Ross*, 90 Cal. 68; *Goldman* v. *Rogers*, 85 Cal. 574.)

*A. J. Monroe*, for Respondent.

In a second action between the same parties for a different demand, the first action operates as an estoppel only upon the matter actually at issue and determined in the original action, and not as to matters that might have been litigated therein. (*Cromwell* v. *County of Sacramento*, 94 U. S. 352; *Ferrea* v. *Chabot*, 63 Cal. 564, 570; *Lillis* v. *Emigrant Ditch Co.*, 95 Cal. 561.) In the absence of an affirmative showing that findings were not waived, it will be presumed that findings were filed to support the judgment. (*Mulcahy* v. *Glazier*, 51 Cal. 627; *Campbell* v. *Coburn*, 77 Cal. 37; *Goyhinech* v. *Goyhinech*, 80 Cal.

410; *In re Arguello,* 85 Cal. 153; *Gordon* v. *Donahue,* 79 Cal. 502; *Smith* v. *Lawrence,* 53 Cal. 34.)

THE COURT.—This action, begun January 6, 1894, is a sequel of the case between the same parties reported in 96 Cal. 443. In that case Richardson obtained a judgment, which was affirmed in this court, for damages accruing to him by reason of a nuisance consisting in the obstruction of a natural watercourse on his land, and caused by certain street improvements made under the direction of defendant. In this action plaintiff seeks to recover for damage caused by the alleged continued maintenance of the same nuisance, and an injunction to restrain the further continuance thereof. We are informed by the present record that in the said former action it was alleged by plaintiff, among other things, that he was the owner of a lot of land situated at the corner of Fourth and E streets in the city of Eureka, and of certain buildings thereon; that a natural waterway ran across said lot, by which a great quantity of surface water was collected, and that such water escaped through a culvert crossing said Fourth street in front of plaintiff's property; that in grading said streets adjacent to plaintiff's lot the defendant moved said culvert and negligently failed to replace the same with any means for the escape of such water. The record here discloses further that the answer in that case denied the existence of said natural waterway, " denied the creating of any nuisance, and denied any damage resulting therefrom"; and that judgment on the verdict of a jury was entered for plaintiff therein August 28, 1890, for one thousand dollars damages. Nothing more appears of the material issues made and determined there.

The complaint in the present action repeated substantially the allegations above mentioned of the former complaint, stated also that as a consequence of said nuisance the water was for two years next before the commencement of this suit confined upon plaintiff's land

and under the buildings thereon, rendering the same uninhabitable and causing various injuries thereto, such as the settling of the foundations, the cracking of the walls, etc., as well as preventing any income to plaintiff from the rents thereof; that the nuisance was continuing, threatening irreparable injury, etc. Issue was joined upon these averments.

The case was tried by a jury, and the judgment-roll in the first action was placed in evidence by plaintiff, together with the testimony of several witnesses concerning the alleged injuries; such testimony related almost entirely to a large building on the lowest part of plaintiff's lot at the corner of said streets, and there was no dispute that water stood under such building to the depth of sixteen inches and more. On the part of defendant there was evidence tending to prove that the building was constructed on marshy and boggy land, and would have settled of its own weight; that, by reason of embankments and drains made in said natural watercourse, no water has descended therein to plaintiff's property since the time of the trial of the first action, August 28, 1890, except such as collected from the half block including his lot; that the foundation of his building is so constructed as to form a water-tight bulkhead, rendering the escape of water therefrom impossible without cutting an orifice through such foundation; that in December, 1892, the city constructed a sewer in said Fourth street for the purpose of draining plaintiff's lot, and that upon inquiry being made to him as to where connection should be made with his premises he said "he would n't recognize that sewer at all, and did n't want to connect"; that about a year later the city attempted to connect such sewer with the pond under plaintiff's building by making an aperture through the foundation, when he forbade the work and said he would not have the foundation cut into, and that such sewer, if so connected, would drain his lot dry. Plaintiff's alleged reason for refusing a connection with the new sewer was that the same was not as

low as the former culvert.   There was no evidence that
any substantial injury to his property could result from
such connection.   No special issues were submitted to
the jury, and a general verdict was returned for the de-
fendant.   Plaintiff then moved the court to "make and
render its findings and decision in favor of the plaintiff,
the verdict of the jury being contrary to the evidence
and contrary to the instructions of the court."   The
motion was denied, and judgment was entered that
plaintiff take nothing.

1. The former judgment established that a natural
watercourse existed on plaintiff's premises, and that de-
fendant obstructed the same to the nuisance of plaintiff;
but, so far as can be discerned from the record here, it
was not then determined that any injury was or would
be caused thereby to plaintiff's buildings, or the rental
value of his premises; and it is only by inference that
we can conclude from that judgment that the water was
dammed on his land at all; for anything appearing, the
injury there may have arisen from giving the flowing
water a new direction—cutting away plaintiff's land or
carrying off his buildings.   Application of the doctrine
of *res judicata* cannot be made by inference or surmise
upon the effect of a judgment.   (Code Civ. Proc., sec.
1911; *Lillis* v. *Emigrant Ditch Co.*, 95 Cal. 553.)   Sup-
pose plaintiff had sued the city for damage arising from
the destruction of his building, it would be preposterous
to say that the defendant could not prove that it was
destroyed by fire, if such was the fact, merely because
he had established, in a former action, the creation by
the city of a nuisance which *might* have destroyed the
building by the agency of water.   So we think it was
open to defendant to show that the injuries complained
of in this case were the result of defects in the construc-
tion of the building, or of its situation, uninfluenced by
the nuisance created by defendant; and the decision
founded on evidence tending to prove those facts can-
not be disturbed as being in conflict with the prior ad-
judication.

2. It is claimed, however, that the nuisance found by the verdict of August 28, 1890, being shown yet to exist, the plaintiff was entitled to an injunction against its continuance. But, admitting that the watercourse was still obstructed by reason of defendant's acts and omissions, yet the evidence tended strongly to show that the city had endeavored, in a proper manner, to redress the injury, and that its efforts were thwarted by the conduct of plaintiff. Injunctions issue to prevent wrongs otherwise irremediable; here the remedy seems to have been plain, speedy, adequate, and proffered to plaintiff, and no sufficient reason appears why he did not accept it. Under such circumstances an injunction is rightly refused.

3. The case was in equity. (*Sullivan* v. *Royer*, 72 Cal. 248; 1 Am. St. Rep. 51.) The verdict of the jury was merely advisory to the court, and if the instructions given to the jury were erroneous in any particular, as appellant insists they were, such error is not ground for reversing the judgment. The correctness of the decision of the court, and not the propositions of law it laid down for the guidance of the jury, is the question for determination in such instances. (*Schneider* v. *Brown*, 85 Cal. 205; *Sullivan* v. *Royer*, *supra*; *Sweetser* v. *Dobbins*, 65 Cal. 529; compare *Lamb* v. *Harbaugh*, 105 Cal. 692.)

4. Express findings by the court, however, were necessary, unless they were waived. (*Brandt* v. *Wheaton*, 52 Cal. 430; *McLaughlin* v. *Del Re*, 64 Cal. 472.) But absence of such findings in the record is not a fatal defect, unless it affirmatively appears that they were not waived. (*Campbell* v. *Coburn*, 77 Cal. 36.) We think there is no such affirmative showing here. The plaintiff moved the court to disregard the verdict, and render its findings and decision in favor of the plaintiff. This was not a request for findings generally, but for findings of specified import, viz., in favor of plaintiff, and was not such a motion as counsel was authorized to make (*Edgar* v. *Stevenson*, 70 Cal. 286, and cases cited);

*non constat* that there was not a waiver of findings differing from those asked for.

The judgment and order are affirmed.

Hearing in Bank denied.