[Sac. No. 682.  Department One.—May 4, 1900.]

## C. H. FISHER, Respondent, v. D. K. ZUMWALT, Appellant.

NUISANCE—NOXIOUS GASES FROM CREAMERY—PRIVATE ACTION.—A nuisance arising from noxious gases emitted from the sour and putrid refuse of whey, milk, and debris permitted to accumulate and stand in tanks by the defendant as the owner of a creamery, to the detriment of the plaintiff as a near neighbor, though also injurious to other neighbors more remote, may be abated at suit of the plaintiff as being as to him a private nuisance.

ID.—PRIVATE ACTION FOR PUBLIC NUISANCE—PRIVATE NUISANCE—MULTIPLICITY OF SUITS.—Although a nuisance may be public, that fact does not deprive an individual of an action, if, as to him, the nuisance is private, and obstructs the free use and enjoyment of his private property. A nuisance, the effect of which extends to the dwellings or places of business of other persons to such an extent as to render their occupancy materially uncomfortable, is a private nuisance as to each of them, for which each one thus injured may have a private action, though there are many persons thus affected, and the result will be to promote a multitude of suits

APPEAL from a judgment of the Superior Court of Tulare County and from an order denying a new trial. Wheaton A. Gray, Judge.

The facts are stated in the opinion.

E. O. Larkins, and U. T. Clotfelter, for Appellant.

The nuisance complained of is a public nuisance. (Civ. Code, sec. 3480; Pen. Code, secs. 370, 371.) A private action cannot be maintained for a public nuisance, unless the injury suffered by the plaintiff is shown to be different in kind, character, or manner, and not merely in degree, power, or force, from that suffered by the public in general or in common. (*Aram v. Schallenberger*, 41 Cal. 450; *Jarvis v. Santa Clara etc. R. R. Co.*, 52 Cal. 438; *Bigley v. Nunan*, 53 Cal. 403; *Payne v. McKinley*, 54 Cal. 532; *Crowley v. Davis*, 63 Cal. 460; *McClosky v. Kreling*, 76 Cal. 511; *Siskiyou etc. Co. v. Rostel*, 121 Cal. 513; Wood's Law of Nuisances, sec. 655; Hilliard on Torts, 636; 3 Pomeroy on Equity, 1349; *Proprietors v. Newcomb*, 7 Met. 276; 39 Am. Dec. 778; *Seeley v. Bishop*, 19 Conn.

128; *O'Brien v. Norwich etc. R. R. Co.,* 17 Conn. 372.) In the reasonable use of one's property, discomfort and inconvenience resulting to others from a useful employment must be submitted to, if the locality of the business is not unsuitable and its management is not unreasonable. (Cooley on Torts, 708-10; 6 Lawson's Rights, Remedies, and Practice, 4831; *Brady v. Weeks,* 3 Barb. 157; *Peck v. Elder,.* 3 Sand. 126; *Walter v. Selfe,* 4 De Gex & S. 323; *Tipping v. St. Helena Smelting Co.,* 4 Best & S. 608; *Barnes v. Hathorn,* 54 Me. 124; *Dargan v. Waddill,* 9 Ired. 244; 49 Am. Rep. 421; *Rhodes v. Dunbar,* 57 Pa. St. 274; 98 Am. Dec. 221; *Wier's Appeal,* 74 Pa. St. 230; *Gilbert v. Showerman,* 23 Mich. 448; *Kirkman v. Handy,* 11 Humph. 406; 54 Am. Dec. 45; *Whitney v. Bartholomew,* 21 Conn. 213; *Rouse v. Martin,* 75 Ala. 510; 51 Am. Rep. 463; *Daniels v. Keokuk Water Works,* 61 Iowa, 549; *Louisville Coffin Co. v. Warren,* 78 Ky. 400.)

E. T. Cosper, for Respondent.

The plaintiff is entitled to sustain his action upon the facts of interference by the acts of the defendant with the comfortable enjoyment of plaintiff's property, the nuisance being private as to him, whether in other aspects it is a private or public nuisance. (Civ. Code, secs. 1708, 3479, 3484, 3493, 3514; Code Civ. Proc., sec. 731; Cooley on Torts, 2d ed., 736; Wood's Law of Nuisances, 3d ed., secs. 602, 605, 791, 812; *Blanc v. Klumpke,* 29 Cal. 156; *Yolo County v. Sacramento,* 36 Cal. 195; *Bowen v. Wendt,* 103 Cal. 236; *Lind v. San Luis Obispo,* 109 Cal. 340; *Sullivan v. Royer,* 72 Cal. 248; 1 Am. St. Rep. 51; *Norcross v. Thoms,* 51 Me. 503; 81 Am. Dec. 588; *Stetson v. Faxon,* 19 Pick. 147; 31 Am. Dec. 123, and cases cited therein; *Wesson v. Washburn Iron Co.,* 13 Allen, 95; 90 Am. Dec. 184; *Francis v. Schoellkopf,* 53 N. Y. 152.)

COOPER, C.—Action to abate a nuisance and for damages. Plaintiff obtained judgment, and from this judgment and an order denying his motion for a new trial defendant appeals.

The plaintiff and defendant are neighbors and have for a long time lived in the same community. In the year 1893 the defendant erected on his own land a creamery for the purpose of manufacturing butter and cheese. This creamery is located

near a public highway and in a thickly populated portion of the county of Tulare, there being many farmhouses in the vicinity and some eighty people living within a radius of three miles therefrom. After the erection of said creamery, and until after the commencement of this action, the defendant permitted the refuse—whey, milk, and debris—to accumulate in certain tanks, troughs, and ditches, and to stand so as to become sour and putrid in such manner as to throw off vile and noxious odors and gases, very offensive to the senses and dangerous to the health of plaintiff and his family, and all others living in the immediate vicinity. The plaintiff lives on his own farm only a short distance from said creamery, and nearer thereto than any other resident of the neighborhood, and therefore he and his family are more exposed to the said unwholesome and noxious gases than anyone else. The said odors and stenches pollute the air in and about the dwelling-house of plaintiff, and at times render it unfit for occupation, causing plaintiff great distress and inconvenience. There is no controversy as to the fact that the creamery, as it has been and was maintained at the time of the commencement of the action, is a nuisance, but defendant claims that it is a public nuisance, and that it affects all the people of the neighborhood, and that the nuisance is not especially injurious to plaintiff; that the damage is not different in kind or character from that suffered by the general public, and that for this reason the plaintiff in his private capacity cannot maintain the action. This question presents the main and controlling point in the case. There is no doubt but that there are many nuisances which may occasion an injury to an individual for which an action will not lie by him in his private capacity, unless he can show special damage to his person or property differing in kind and degree from that which is sustained by other persons who are subjected to similar injury. Among such may be mentioned the invasion of a common and public right, which everyone may enjoy, such as the use of a highway, or canal, or public landing-place. But this class of nuisances is confined in most cases to where there has been an invasion of a right which is common to every person in the community, and not to where the wrong has been done to private property, or the private rights of individuals,

although many individuals may have been injured in the same manner and by the same means. In the one case the invasion is of a public right which injures many individuals in the same manner, although it may be in different degrees. In the other case no public or common right is invaded, but by the one nuisance the private rights and property of many persons are injured. Because the nuisance affects a great number of persons in the same way, it cannot conclusively be said that it is a public nuisance and nothing more. The fact that a nuisance is public does not deprive the individual of his action in cases where, as to him, it is private and obstructs the free use and enjoyment of his private property. (*Blanc v. Klumpke*, 29 Cal. 160; *Yolo County v. Sacramento*, 36 Cal. 195.) It is provided in the Code of Civil Procedure, section 731: "Anything which is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action. Such action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance; and by the judgment the nuisance may be enjoined or abated, as well as damages recovered."

It is said in Wood on Nuisances, third edition, section 671: "So, too, in the case of a noxious trade upon a highway, but away from habitations, so long as every person sustains a common injury only therefrom, as by being annoyed by its offensive and unwholesome smells, it is purely a public injury; but, if its effects extended to the dwellings or places of business of any persons to such an extent as to render their occupancy materially uncomfortable, then it becomes a private nuisance to those whose dwellings or places of business are so affected, and they may have their action therefor, although there are many persons who are thus affected, and the result will be to promote a multitude of suits."

In Parker and Worthington on Public Health and Safety, section 216, page 253, it is said, in speaking of offensive trades in public cities or populous districts: "At the same time, to those living upon the street and within the immediate sphere of the noxious influences, it is both a public and a private nui-

sance. Those individuals, therefore, to whom the injury is real
and substantial, as, for example, if it consists in impaired
health of the individual or members of his family, are entitled
to a private remedy for the damages sustained and for the
protection of their special interests."

In *Wesson v. Washburn Iron Co.*, 13 Allen, 95, 90 Am. Dec.
184, it was held that an action could be maintained by an
individual in his private capacity for a nuisance to his dwell-
ing-house, caused by carrying on works and operating machin-
ery in the vicinity which filled the air with smoke and cinders
and rendered it offensive and injurious to health, although
many persons in the vicinity had sustained similar injuries.
The rule is well stated by Bigelow, C. J.; he says:

"But it will be found that in all these cases, and in others in
which the same principle has been laid down, it has been ap-
plied to that class of nuisances which have caused a hindrance
or obstruction in the exercise of a right which is common to
every person in the community, and that it has never been ex-
tended to cases where the alleged wrong is done to private
property, or the health of individuals is injured, or their peace
and comfort in their dwellings is impaired, by the carrying on
of offensive trades and occupations which create noisome
smells or disturbing noises, or cause other annoyances and in-
juries to persons and property in the vicinity, however numer-
ous or extensive may be the instances of discomfort, incon-
venience, and injury to persons and property thereby occa-
sioned. . . . . But it has never been held, so far as we know,
that in cases of this character the injury to private property,
or to the health and comfort of individuals, becomes merged in
the public wrong so as to take away from the persons injured
the right, which they would otherwise have, to maintain actions
to recover damages which each may have sustained in his per-
son or estate from the wrongful act.

"Nor would such a doctrine be consistent with sound prin-
ciple. Carried out practically, it would deprive persons of all
redress for injury to property or health, or for personal annoy-
ance and discomfort, in all cases where the nuisance was so
general and extensive as to be a legitimate subject of a public
prosecution; so that, in effect, a wrongdoer would escape all

liability to make indemnity for private injuries by carrying on an offensive trade or occupation in such place and manner as to cause injury and annoyance to a sufficient number of persons to create a common nuisance. . . . .

"The rule of law is well settled and familiar that every man is bound to use his own property in such manner as not to injure the property of another, or the reasonable and proper enjoyment of it; and that the carrying on of an offensive trade or business which creates noisome smells and noxious vapors, or causes great and disturbing noises, or which otherwise renders the occupation of property in the vicinity inconvenient and uncomfortable, is a nuisance for which any person whose property is damaged, or whose health is injured, or whose reasonable enjoyment of his estate as a place of residence is impaired or destroyed thereby, may well maintain an action to recover compensation for the injury."

In *Francis v. Schoellkopf*, 53 N. Y. 154, it was held that plaintiff, as an individual, might maintain an action against defendant for a nuisance for carrying on a tannery in the vicinity of plaintiff's lot and boiling putrid animal matter in such a way as to create offensive smells · so as to render the house of plaintiff unfit for habitation. It was held that it was no defense that the nuisance was common and affected other houses in the same way. In the opinion the court said: "The idea that if by a wrongful act a serious injury is inflicted upon a single individual a recovery may be had therefor against the wrongdoer, and that if by the same act numbers are so injured no recovery can be had by any one, is absurd. This, stripped of its verbiage, is the ground of the motion. It is said that holding the defendant liable to respond in damage to each one injured will lead to a multiplicity of suits. This is true, but it is no defense to a wrongdoer, when called upon to compensate for the damage sustained by his wrongful act, to show that he, by the same act, inflicted a like injury upon a large number of persons. The position is not sustained by any authority."

The supreme court of Ohio in *Story v. Hammond*, 4 Ohio, 377, held that a private action might be brought for a nuisance caused by the erection of a dam which rendered the atmos-

phere in the community impure and unhealthy.  The defend-
ant claimed. that the alleged nuisance was public and that
plaintiff could not maintain the action.  The court said of this
defense: "The defense set up is entirely without foundation.
If a man were to sally forth into the public streets of a town
and commit an assault and battery upon every person he met,
it would hardly be competent for him, in a suit by an individual
for special damages, to set up as a defense that he had not only
beat the plaintiff, but had also beat the whole town.  Or, if
a man was to poison a reservoir of water for the supply of a
city, and thereby create a general sickness among the inhabi-
tants, it would not be seriously contended that the magnitude
of the offense was a bar to a private action; or, in other words,
that the defendant might exculpate himself by proving that
he had not only poisoned the plaintiff, but had poisoned all the
inhabitants of the city."

In *Ottawa Gaslight etc. Co. v. Thompson*, 39 Ill. 600, the
plaintiff as an individual had obtained a judgment for injuries
done to his well by the defendant in having suffered to flow from
its gasworks, and to be deposited and placed in and around and
near the well, certain noxious and offensive substances used in
and about the manufacture of gas and coke.  The defendant
claimed that the facts showed that the acts complained of con-
stituted a public nuisance.  The court on appeal at first sus-
tained this view and reversed the case.  A rehearing was
granted and the judgment affirmed.  In the opinion on rehear-
ing the court said: "On a former hearing of this cause we were
of opinion this position was correct and reversed the case.  A
rehearing having been granted we have re-examined the
question and find considerable conflict in the authorities.  We
now incline to the opinion that the weight of authority is in
favor of the action."

It would be useless to cite further extracts as illustrating
the rule in support of our conclusion.  The following addi-
tional cases are to the effect that this kind of action can be
maintained: *Ross v. Butler*, 19 N. J. Eq. 294; 97 Am. Dec. 654;
*Cranford v. Tyrrell*, 128 N. Y. 341; *Weir's Appeal*, 74 Pa. St.
230; *Lansing v. Smith*, 4 Wend. 9; 21 Am. Dec. 89; *Knight v.
Gardner*, 19 L. T., N. S., 673; *Lind v. San Luis Obispo*, 109
Cal. 343, and cases cited.

In view of what has been said, the special findings of the jury are not in conflict with their general verdict.

The defendant, when on the witness stand, was asked by his counsel: "How does the management of your creamery and the premises about it compare with the management of other creameries and the premises about them?" The court sustained an objection made by plaintiff to this question, and it is claimed the ruling was error. We think the ruling was clearly correct. It would be no defense to defendant if he could show that other persons were violating the law. Counsel by the question evidently desired to show that although defendant was doing wrong, yet that many others were doing the same thing.

Counsel argue that the court erred in giving certain instructions asked by plaintiff and refusing others asked by the defendant. Without discussing the question as to the legal propositions involved in the instructions, it is sufficient to say that if error was committed in the respects claimed it would not be sufficient ground for reversing the judgment. The case was in equity. The verdict of the jury was at most only advisory to the court, and the court filed its own findings and decision. The correctness of the decision of the court, and not the propositions of law it laid down for the guidance of the jury, is the question for determination here. (*Schneider v. Brown*, 85 Cal. 205; *Sweetser v. Dobbins*, 65 Cal. 529; *Richardson v. Eureka*, 110 Cal. 446; *Scheerer v. Goodwin*, 125 Cal. 154.)

It follows that the judgment and order should be affirmed, and so we advise.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.