[Civ. No. 112.   First Appellate District.—November 25, 1905.]

# NELLIE R. MEEK, Respondent, v. GEORGE DE LATOUR, Appellant.

NUISANCE—MANY PERSONS AFFECTED—PRIVATE ACTION.—A nuisance, the effect of which extends to the dwellings of others to such an extent as to render their occupancy materially uncomfortable, is a private nuisance as to each of them, for which each one thus injured may have a private action, though there are many persons thus affected.

ID.—ABATEMENT—ACTION IN EQUITY—JURY TRIAL.—An action to abate a nuisance is an action in equity, in which the verdict of a jury is advisory only; and neither party thereto is entitled to a trial by jury as a matter of right.

ID.—DEMAND FOR DAMAGES—GENERAL DEMAND FOR JURY.—A demand for damages in such action is but incidental to the main purpose of the suit; but if it be conceded that defendant may have been entitled to a jury trial upon the question of damages, yet, where no such demand was made, but the demand was general for a jury to try the whole case, it was not error to refuse such general demand for a jury to try a case consisting of legal and equitable issues.

ID.—SUPPORT OF FINDING AS TO NUISANCE—CONFLICTING EVIDENCE.— Where there is a conflict of evidence as to the facts tending to show the existence of the nuisance, the finding as to the nuisance is sufficiently supported.

ID.—IMMATERIAL ALLEGATIONS—NOTICE TO DEFENDANT—REQUEST TO ABATE NUISANCE—OMISSION IN FINDINGS.—Where the defendant denied the existence of any nuisance and took issue upon the damages, and the court found thereupon, averments that the plaintiff had frequently notified defendant of the effects of maintaining said business upon plaintiff and her property, and that she had requested defendant to abate the nuisance, are immaterial, and the omission to find upon issues taken thereupon is not prejudicial to the defendant.

ID.—EVIDENCE—COMPLAINT—DIMINUTION OF INJURY—USE OF LARGER SMOKESTACK—RES GESTAE.—The court properly allowed evidence of the plaintiff to show that, after complaint had been made to the defendant, he caused a larger smokestack to be used, and that thereafter the evils were not so great.   The matter thus testified to was part of the *res gestae* of the alleged nuisance, and tended to show in what manner defendant conducted the business complained of during the alleged time of complaint.

ID.—INADMISSIBLE EVIDENCE—DEPRECIATION IN VALUE OF PROPERTY.— Evidence of a depreciation in the value of the plaintiff's property was inadmissible either on the question of damages, or for the pur-

pose of proving the actual existence of the nuisance and the gravity thereof.

ID.—GENERAL COMPLAINT—PUBLIC MEETING.—Evidence of a general complaint in the community against the works of the defendant was hearsay; and the holding of a public meeting to protest against the carrying on of the business, at which defendant was not present, was not evidence against the defendant.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial. W. G. Lorigan, Judge.

The facts are stated in the opinion of the court.

Duncan Hayne, and William A. Bowden, for Appellant.

J. H. Campbell, and C. C. Coolidge, for Respondent.

HALL, J.—Action to abate a nuisance (a cream of tartar works), and for damages. The action was tried before the court without a jury, findings made and filed, and judgment entered for plaintiff that the nuisance be abated, and for $1,000 as damages. A motion for new trial was denied, and the case comes here upon an appeal from the judgment and order, upon the judgment-roll and a bill of exceptions.

The first question presented is as to the correctness of the ruling of the trial court overruling defendant's demurrer to the complaint; it being urged that, because the complaint shows that many persons lived near to the works complained of and were similarly injured, the complaint states a public and not a private nuisance. The complaint, among other things, alleges that the works of the defendant are situated within one hundred feet of the property of plaintiff, upon which there are two dwelling-houses, and that defendant, in conducting his works for the manufacture of cream of tartar, has permitted foul, vile, and noxious odors, stenches, etc., to emanate therefrom, etc.; that, by reason of said odors, stenches, and smells, plaintiff's said premises and dwelling-houses have been rendered uncomfortable and unfit for occupation by plaintiff, and that by reason thereof her enjoyment of her said premises has been interfered with; that the maintenance of said business by said defendant has been,

and now is, injurious to the health and offensive to the senses of plaintiff, and has interfered, and does interfere, with the comfortable enjoyment of her said premises, and has been, and is, an obstruction to the free use of the same. The rule applicable to a case of this kind is fully discussed in *Fisher* v. *Zumwalt,* 128 Cal. 493, [61 Pac. 82], which was a case of a nuisance caused by the operation of a creamery in a thickly settled community. It was there held that a nuisance, the effect of which extends to the dwellings of other persons to such an extent as to render their occupancy materially uncomfortable, is a private nuisance as to each of them, for which each one thus injured may have a private action, though there are many persons thus affected. The case at bar comes fairly within the rule as laid down in *Fisher* v. *Zumwalt, supra.* The case of *Reynolds* v. *Presidio etc. R. R. Co.,* 1 Cal. App. 229, [81 Pac. 1118], is a case of an obstruction to a public highway, an interference with a right which the plaintiff enjoyed in common with the public, and belongs to a class of cases clearly differentiated from this case in *Fisher* v. *Zumwalt.* The court did not err in overruling the demurrer.

Defendant demanded a jury trial, which demand was by the court refused, and this refusal is now assigned as error. It has uniformly been held in this state that an action to abate a nuisance is an action in equity. (*People* v. *Moore,* 29 Cal. 428; *Courtwright* v. *Bear River etc. Co.,* 30 Cal. 573; *Sullivan* v. *Royer,* 72 Cal. 248, [1 Am. St. Rep. 51, 13 Pac. 655]; *Richardson* v. *City of Eureka,* 110 Cal. 441, [42 Pac. 965]; *Fisher* v. *Zumwalt,* 128 Cal. 493, [61 Pac. 82]; *McCarthy* v. *Gaston Ridge M. Co.,* 144 Cal. 542, [78 Pac. 7].) In such a case the verdict of the jury would be advisory only, and neither party is entitled to a trial by jury as a matter of right. (*Richardson* v. *City of Eureka,* 110 Cal. 442, [42 Cal. 965]; *Fisher* v. *Zumwalt,* 128 Cal. 493, [61 Pac. 82].) The demand for damages is but incidental to the main purpose of the suit (*Courtwright* v. *Bear River etc. Co.,* 30 Cal. 573); but, if it should be conceded that defendant may have been entitled to have the question of damages determined by a jury, no such demand was made; but the demand was for a jury to try the entire case.

It is not error to refuse a general demand for a jury to try a cause consisting of legal and equitable issues. (6 Am. & Eng. Ency. of Law, 975; *Greenleaf* v. *Eagan*, 30 Minn. 316, [15 N. W. 254]; *Lace* v. *Fixen*, 39 Minn. 46, [38 N. W. 762]; *Peden* v. *Cavins*, 134 Ind. 494, [39 Am. St. Rep. 276, 34 N. E. 7].)

As to the point that the evidence is insufficient, it is sufficient to say that there is a conflict of evidence as to the facts tending to show the existence of a nuisance.

Appellant insists that "the defendant was entitled to a finding upon the issue tendered by paragraph 7 of the complaint and the denial as exhibited in paragraph 7 of the answer." The paragraph in question contains allegations to the effect that plaintiff had frequently notified defendant of the effects of maintaining said business upon her and her property, and that she had requested defendant to abate the same, and also allegations as to damages suffered by plaintiff; upon all and each of which allegations defendant took issue. The court found as to the damages. The other allegations are immaterial ones, especially in view of the fact that defendant denied the existence of any nuisance.

The court, over the objection and exception of defendant, allowed evidence from several witnesses to the effect that, after complaint had been made to defendant, he caused a longer smokestack to be used, etc. Several witnesses testified that thereafter the evils were not so great. This was not error. The matters thus testified to were a part of the history of the alleged nuisance—a part of the *res gestae*. It all tended to show in what manner defendant conducted the works complained of during the time complained of. The ruling of the court in this regard in no way contravenes the doctrine, laid down in *Sappenfield* v. *Railroad Co.*, 91 Cal. 61, [27 Pac. 590], and *Limberg* v. *Glenwood Co.*, 127 Cal. 604, [60 Pac. 176], that a plaintiff cannot show that after an accident the defendant took new or additional precautions to prevent the recurrence of such accident. Over the objection and exception of defendant, several witnesses were permitted to testify that, by reason of the presence of the cream of tartar works, property in the vicinity had been depreciated in value, and that particular parcels other than the property of plaintiff had been depreciated in value. The following may be

taken as types of the questions now under discussion: "What
effect, in your judgment, has the cream of tartar works in
that vicinity had upon the value of real estate in that lo-
cality? A. I think the maintenance of the tartar works in
that vicinity depreciated the surrounding property over fifty
per cent in value." And to another witness (not the plain-
tiff): "How did the location of the works affect the value
of your property? A. In 1888 my property was worth
$2,700, and now I am offering it for $1,500." To each of
the above questions, and to others of like character, the
defendant lodged the objection that they were incompetent,
irrelevant and immaterial. It seems perfectly clear that such
testimony, even where limited to the property of plaintiff,
where the abatement of a nuisance is sought, is inadmissible
on the question of damages. Otherwise a plaintiff could re-
cover for the depreciation in value of his property and at
the same time remove the depreciation by abating the cause
of it. "The nuisance may be abated or removed, and to give
damages on account of the decreased value of the land would
be to give damages for all the injury the premises would
ever sustain, which would be clearly wrong." (*Bigley* v.
*Nunan*, 53 Cal. 403. See, also, *Hopkins* v. *Western Pac. R.
R. Co.*, 50 Cal. 194, and the cases there cited; *Severy* v. *Cen-
tral Pac. R. R. Co.*, 51 Cal. 195.) (It was stated at the oral
argument in this case that the works have, since the trial,
been removed to another county.)

It is insisted, however, by plaintiff that, though the depre-
ciation in the value of property may not be recovered in an
action of this sort, such evidence is proper for the purpose
of proving the actual existence of the nuisance and the grav-
ity thereof. No authorities have been cited to us in support
of this contention. "Anything which is injurious to health,
or indecent or offensive to the senses, or an obstruction to the
free use of property, so as to interfere with the comfortable
enjoyment of life or property, is a nuisance and the subject
of an action." (Code Civ. Proc., sec. 731.) Under this
section, neither the existence of the nuisance nor the right
to have the same abated depends upon the depreciation in
value of neighboring property. The erection of an unsightly
structure in a fashionable residence section might very much
depreciate the value of property for residence purposes, yet,

unless the structure interfered with comfortable enjoyment of life or property in the manner pointed out in the above section, it would not be a nuisance, and, if it .did, it could be abated whether it depreciated the market value. of property in its vicinity or not. The existence of the nuisance must be proved by evidence of the things that constitute the nuisance. The gravamen of the charge made in the complaint in this case is that defendant permitted the most foul, vile, and noxious odors, stenches, and smells to emanate from his premises in the maintenance of his business, and that the maintenance thereof has been, and is, injurious to the health and offensive to the senses of plaintiff, and has interfered, and does interfere, with the comfortable enjoyment of her premises, and has been, and is, an obstruction to the free use of the same. The proof of the above-recited matters established the existence of a nuisance, and the depreciation of the value of property was an immaterial matter. The allegations of the complaint as to damages are that plaintiff has been damaged ''one thousand dollars for distress and inconvenience suffered by plaintiff by reason of said nuisance, and three thousand ($3,000) for the loss and damage to her said property by reason thereof.'' The court found that plaintiff has suffered damage in the sum of $1,000. We cannot say that this finding is not in large part based upon the evidence as to depreciation in the value of property. The court erred in admitting the testimony as to depreciation in the value of property.

It was also urged at the oral argument that the court erred in allowing testimony to be given, over the objections of defendant, that there was a general complaint in the community with reference to the tartar works conducted by defendant, and that a public meeting had been called and held by the people of the vicinity to protest against the carrying on of the manufacture of cream of tartar. The question, ''Is there, or is there not, a general complaint in that community with reference to the tartar works conducted by the defendant?'' clearly called for hearsay testimony; but the objection was not upon that ground. Doubtless, if it had been, the objection would have been sustained. Neither the fact that meetings were held at which defendant was not

present, nor what took place at such meeting, was evidence against defendant.

For the errors above pointed out, the judgment and order are reversed.

Harrison, P. J., and Cooper, J., concurred.