## NOBLE v. LEARNED et al.*

### Court of Appeal, Third District; July 31, 1906.

#### 87 Pac. 402.

**Jury Trial—Legal or Equitable Actions or Issues.**—A suit to determine title to stock in a building association, to cancel the certificate representing the stock, to restrain the payment of money on account of the certificate, and to require the issuance to plaintiff of a new certificate for the stock, is a suit in equity, and a jury trial is not demandable as of right under Code of Civil Procedure, section 592, providing that, in cases other than actions for the recovery of specific real or personal property, etc., issues of fact must be tried by the court, subject to its power to order issues to be tried by a jury.

**Gifts—Assignments of Corporate Stock—Delivery.**—An owner of stock in a building association gave to the secretary thereof a list of the persons to whom she wanted the stock assigned, and assignments were made on the back of the certificates. The secretary was given possession of the certificates subject to the owner's order, and told to hold them until the owner's death, and then deliver them to the assignees. A few months afterward the owner died. Held, that title did not vest in the assignees, but remained in the owner.

APPEAL from Superior Court, San Joaquin County; F. H. Smith, Judge.

Action by Arthur M. Noble, as executor of Deborah H. Lee, against D. A. Learned and others. From a judgment for plaintiff, defendants appeal. Affirmed.

---

*For subsequent opinion in supreme court, see 153 Cal. 245, 94 Pac. 1047.

A. H. Carpenter for appellant; Plummer & Dunlap for respondent; Budd & Thompson for building and loan association.

BUCKLES, J.—This action was prosecuted to determine the title to certain stock in the San Joaquin Valley Building and Loan Association, and for the delivery up and cancellation of the certificate representing the same, for an injunction restraining the payment of money on account of said certificates, and for the issuance to plaintiff of certificates of said stock. Judgment was for plaintiff, and the appeal is from the judgment.

The first error assigned is that the court refused the defendants' demand for a jury. Whatever view may be taken of the case as to other matters, it is an equity case, and there was therefore no error in denying the defendants' demand for a jury: Code Civ. Proc., sec. 592; Meek v. De La Tour, 2 Cal. App. 261, 83 Pac. 300; Ashton v. Heggerty, 130 Cal. 517, 62 Pac. 934. The complaint alleges that Deborah H. Lee died intestate March 12, 1903, and at that time she was the owner and entitled to forty shares of the capital stock of the San Joaquin Valley Building and Loan Association, in a certificate numbered 465, and that one Gennis H. Learned, upon the death of said Deborah H. Lee, wrongfully and unlawfully took possession of said certificate of stock, had the same canceled and a new certificate issued to her in her own name for thirty-nine shares and received $100 in money for the other shares. That said Gennis H. Learned died testate, and the said certificate of stock is now held by D. A. Learned, the executor of the last will of said Gennis H. Learned. Alleges demand made, and the value of the property to be $4,000. The prayer is that the certificate of stock No. 559 be delivered up by said defendant, that it be canceled and the San Joaquin Valley Building and Loan Association issue to plaintiff certificates in due form evidencing the ownership of plaintiff to said thirty-nine shares, and also the return of the $100. The San Joaquin Valley Building and Loan Association answered by general denial. D. A. Learned answered by denying specifically, admitting the death of Deborah H. Lee and Gennis H. Learned and the proceedings taken to settle their respective estates, and, further answering, alleges that on October 17, 1902, Deborah H. Lee duly assigned by

indorsement all said shares of stock to Gennis H. Learned, and then delivered the same so indorsed to A. M. Noble, to be held by him in trust for the said Gennis H. Learned as long as the said assignor should live, and at her death to be delivered to the said assignee; that said Noble accepted said trust; that the said trust was not revoked, and was in force when the said Deborah H. Lee died; that after her death, and on or about the 20th of March, 1903, Noble delivered said certificates of stock to Gennis H. Learned, and she then had said certificate for forty shares canceled and the new certificate No. 559 issued to her for thirty-nine shares in said association, receiving $100 in money. Prays that the said trust be declared valid, and defendant be adjudged the owner and entitled to the possession of said stock. The court found that Deborah H. Lee never made any gift of said shares of stock to Gennis H. Learned and ''never created any trust therein, and never parted with any title, ownership or control of said property during her lifetime, and the property and the whole thereof was, at the time of her death, the property of the said Deborah H. Lee, deceased, and at the date of her death constituted, and still constitutes, a part and parcel of the estate of said deceased.''

This finding is based upon the testimony of Arthur M. Noble, of whom she purchased the forty shares of the capital stock of the San Joaquin Valley Building and Loan Association. Mrs. Deborah H. Lee was sick, had about $1,600 which she wanted placed where she could have the income from it and use any part of the principal in case she needed it at any time. In negotiating the purchase of said shares of stock with the witness A. M. Noble, who was the secretary of the San Joaquin Valley Building and Loan Association, she informed him that this was the only money she had, and that she did not want to put it out of her control. This certificate of stock No. 465, with others, was issued to her with the assurance to her by Mr. Noble that she could retain control of them and draw money on them. The certificates were then issued in the name of Deborah H. Lee, and given to her. She assigned them to different persons, assigning No. 465 to Gennis H. Learned. They were then by Mrs. Lee returned to Mr. Noble, who testified in relation thereto as follows: ''I left them [certificates] at the house with her. Two or three days subsequent to that she sent for me and wanted me to take

these certificates and pass-book and keep them for her, subject to her order—call. She said if she did not get well, and anything happened to her, to notify the people to whom these certificates had been assigned and send for them and deliver them to them. She said she would use more or less of it, and what was left at the time of her death was to be given to the people mentioned by her. In pursuance of that, I presume I took the certificates. I took certificate No. 465 which has been read in evidence. After this occurrence I had occasion to visit Mrs. Lee again. She sent for me, because she said she needed some money and wanted to surrender one of those certificates of stock she held. I took the certificate No. 480 for one share out with me.'' After this he went out to her house with said certificates as she desired to get money on them. He continues: ''After the cancellation of the last certificate, on the 28th day of February, 1903, the remainder of the certificates were handed back to me. Mrs. Lee told me to take and keep them the same as I had done before—to keep them for her. There were nineteen certificates of this stock, and all issued in the name of Deborah H. Lee. She afterward, but on the same day, gave me a list in writing of the persons to whom she wanted the stock assigned, and the assignments were made on the back of the certificates.''

It thus clearly appears that Deborah H. Lee did not and never intended to part with control of her title to said stock while she lived. On March 12, 1903, she died without having revoked said assignments, or any of them. The certificates were then in the safe in the possession of Noble, who afterward delivered certificate No. 465 to Gennis H. Learned, she being the one named therein as assignee. The finding is warranted by the evidence: Noble v. Garden, 146 Cal. 225, 2 Ann. Cas. 1001, 79 Pac. 883. This, then, disposes of the issue that Noble held the certificate as trustee, against the contention of appellant. A similar case to the one before us, and involving the same question as to delivery and title of others of these identical certificates of stock, was well considered and decided in Noble v. Garden, 146 Cal. 225, 2 Ann. Cas. 1001, 79 Pac. 883. The court there held under the same state of facts that Deborah H. Lee retained control and dominion of these certificates; and that the title did not vest in the parties to whom the assignments were made because she expressly stated it should remain in deceased. Upon the authority of Noble v.

Garden, supra, the judgment of the lower court must be upheld.

Judgment is affirmed.

We concur: Chipman, P. J.; McLaughlin, J.