[Civ. No. 384.   First Appellate District.—January 9, 1908.]

GEORGINA H. MELVIN, Respondent, v. E. B. & A. L. STONE COMPANY (a Corporation), and E. B. STONE and A. L. STONE, Appellants.

NUISANCE TO NEIGHBORS—PRIVATE ACTION.—A nuisance which extends to the dwelling-houses of neighbors to such an extent as to render their occupancy materially uncomfortable is a private nuisance

as to each party thus injured, for which he may have his private action, in which the nuisance may be enjoined or abated, as well as damages recovered.

ID.—NUISANCE FROM FUEL OIL—GREASY DIRT—SOOT—SMOKE—OFFENSIVE ODOR—DAMAGES—INJUNCTION.—Where plaintiff's property had been damaged by the operations of steam engines near the same, using fuel oil, which emitted large quantities of greasy dirt, soot and smoke, and which by its offensive odor interfered with the comfortable enjoyment of plaintiff's dwelling, and the continued use of which would cause further damage, the plaintiff may recover the damages suffered from such nuisance, and is entitled to an injunction to restrain the defendants from continuing the same near plaintiff's dwelling.

APPEAL from a judgment of the Superior Court of Alameda County.   John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Reed, Black & Reed, and B. H. Griffins, for Appellants.

G. R. Lukens, for Respondent.

HALL, J.—This is an appeal from a judgment awarding plaintiff damages in the sum of $307.50 and enjoining defendants from operating engines or machinery within certain described limits near to the dwelling-house of plaintiff, using fuel oil emitting offensive odors or greasy dirt, soot or smoke upon the property of plaintiff.

It is the same case as No. 441, in which we have this day affirmed the order denying defendant's motion for a new trial, but comes before us on a separate appeal upon the judgment-roll alone.

Appellants urge that the complaint does not state facts sufficient to constitute a cause of action in that the nuisance complained of is a public nuisance, and is not shown by the allegations of the complaint to be specially injurious to plaintiff.

The complaint, among other things, substantially alleges that defendants are and have been operating a steam shovel and steam engines near to the dwelling of plaintiff, using oil fuel emitting large quantities of greasy soot, dirt and smoke,

so as to interfere with the comfortable enjoyment by plain-tiff of her said property, and that said soot and smoke have damaged and injured the house and furniture of plaintiff in the sum of $500, and that unless defendants be enjoined from so operating said engines and machinery further damage and injury will be done the said house and furniture of plaintiff.

The facts pleaded in this case bring it within the principle laid down in *Fisher* v. *Zumwalt*, 128 Cal. 493, [61 Pac. 82], and followed by this court in *Meek* v. *De Latour*, 2 Cal. App. 261, [83 Pac. 300].

It was held in *Fisher* v. *Zumwalt*, 128 Cal. 493, [61 Pac. 82], that a nuisance, the effect of which extends to the dwell-ing-houses of neighbors to such an extent as to render their occupancy materially uncomfortable, is a private nuisance as to each person thus injured, for which he may have his private action. In such action the nuisance may be enjoined or abated, as well as damages recovered. (Code Civ. Proc., sec. 731.)

Neither do we think that the injunction should have been refused, upon the ground that plaintiff could have been com-pensated by damages. The court found that plaintiff's prop-erty had been injured and damaged, and also that large quan-tities of greasy soot, dirt and smoke were frequently emitted from the engines operated by defendants, which by its of-fensive odor interfered with the comfortable enjoyment by plaintiff of her residence and dwelling-house, and that by the use of said engines there would be emitted large quantities of greasy smoke, dirt and soot, which would occasion further damage and injury to the house and furnishings of plaintiff.

In *Wahle* v. *Reinbach*, 76 Ill. 322, the court, speaking of threatened injuries that may be enjoined, said: "By irrepar-able injury is not meant such injury as is beyond the pos-sibility of repair, or beyond possible compensation in dam-ages, nor necessarily great injury or great damage, but that species of injury, whether great or small, that ought not to be submitted to on the one hand, or inflicted on the other, and because it is so large on the one hand or so small on the other, is of such constant and frequent occurrence that no fair or reasonable redress can be had therefor in a court of law."

In *Holsman* v. *Boiling Springs Bleaching Co.*, 14 N. J. Eq. 335, it is said: "Where the nuisance operates to destroy health, or diminish the comfort of a dwelling, an action at law furnishes no adequate remedy, and the party injured is entitled to protection by injunction."

To the same effect are *Cleveland* v. *Citizens' Gas Lt. Co.*, 20 N. J. Eq. 205, *Ross* v. *Butler*, 19 N. J. Eq. 294, [97 Am. Dec. 654], and *Wolcott* v. *Meleck*, 11 N. J. Eq. 204, [66 Am. Dec. 790].

The judgment in this case enjoins defendants from operating engines or machinery, near to the dwelling-house of plaintiff, "using fuel oil emitting offensive odors, or greasy dirt, soot or smoke upon the said property of plaintiff." This judgment was justified by the facts found. It was reasonably necessary in order to protect the plaintiff in the comfortable enjoyment of her dwelling.

The judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.