KELLEY et al, Appellants, v. CHICAGO, M. & ST. P. RY. CO., Respondent.

(220 N. W. 921.)

(File No. 5696. Opinion filed August 18, 1928.)

*Frank McNulty*, of Long Beach, Cal., *E. E. Wagner,* of Mitchell, and *Clark, Dwinell & Meltzer,* of Sibley, Iowa, for Appellants.

*Ed. L. Grantham,* of Rapid City, and *H. O. Hepperle,* of Aberdeen, for Respondent.

MISER, C. This is an appeal from an order sustaining a demurrer to appellants' amended complaint. Therein appellants alleged that they were the owners of 300 acres of improved agricultural land adjoining the corporate limits of the city of Aberdeen, of the reasonable value, on April 1, 1920, of $400 per acre; that respondent's line of road passed through said land; that, about the date last mentioned, one Webster induced appellants to sell to him, for about $19,000, 48.5 acres of said land, by representing that he wanted said tract for the purpose of erecting a twine and rope factory thereon, which would greatly increase the value of the land retained by appellant, and, by expressly representing that

the said premises would not be used for stockyard purposes; that all of said representations were false and were made at the instance of respondent company to acquire title to and possession of said land for the purpose of erecting and maintaining stockyards thereon; that, immediately after appellants conveyed said 48.5 acres to Webster, Webster transferred the same to respondent company, which, in fact, furnished the consideration paid by said Webster to appellants; that appellants would not have sold said land to respondent company or to any person for stockyard purposes; and that respondent company, since the summer of 1920, has used said premises for stockyard purposes, has permitted a large amount of offensive substances to accumulate thereon, all of which have continuously caused noxious and injurious smells, which pollute the air upon the lands and property of the appellants, to the great detriment and injury of appellants, and has deprived and "does thereby virtually deprive plaintiffs [appellants] of the peaceful enjoyment and use of their said property, and has thereby virtually destroyed the value thereof to plaintiffs, and it has been thereby so greatly depreciated in value that plaintiffs have sustained damages in the sum of $60,000, for which plaintiffs have received no compensation whatever."

The foregoing is a summary of the first six paragraphs of appellants' amended complaint, and were set forth as the first cause of action in the original complaint; but, in the original complaint, they were followed by a prayer for damages in the sum of $60,000.

Paragraph 7 of appellants' amended complaint is as follows:

"That the defendant does now and has during the times hereinbefore mentioned, kept and maintained the said stockyards in a filthy, unsanitary, and unwholesome condition, offensive alike to plaintiffs, their tenants, servants, and others coming upon the said premises and having social and business relations thereon, and to the people in general living and coming into the vicinity of the said stockyards; that, by the maintenance and use of said stockyards and premises in the manner aforesaid, the defendant has maintained and is maintaining and will continue to maintain a nuisance upon the said premises offensive to plaintiffs, their tenants, employees, and other persons coming thereon or in the vicinity thereof, such as will be injurious to and endanger the health and lives of such persons unless enjoined from so doing by the court."

The allegation of this paragraph constituted the second cause of action in appellants' original complaint.

The prayer for relief in the amended complaint is as follows:

"Wherefore plaintiffs pray that the stockyards be condemned as a nuisance and that the defendant be required to abate the same and be enjoined and restrained from using or maintaining the said premises for stockyard purposes, and from using and maintaining the said stockyards in the manner as hereinbefore stated, or otherwise, *and for such compensation as the court may find to be just for the detriment they have sustained,* and for such further relief in the premises as the court may deem just and equitable, and for the costs of this action."

A demurrer to this amended complaint was sustained on the ground that two causes of action were improperly united; and this appeal is from the order sustaining the demurrer.

Were several causes of action improperly united in appellants' amended complaint? The first impression obtained from reading appellants' amended complaint and comparing it with the original complaint is that, when appellants were confronted with an order sustaining a demurrer to their original complaint, they met the order of the trial court by merely recopying the original complaint without the separate statement of causes of action required by section 2371, R. C. 1919. However, section 2873, R. C. 1919, is as follows:

"An action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by a nuisance, as defined in section 2066; and by the judgment the nuisance may be enjoined or abated, as well as damages recovered."

It is therefore proper to seek to recover damages in a suit to abate a nuisance.

Respondent's contentions as to appellants' complaint may be best gathered from its demurrer thereto. Therein, as grounds of demurrer, it alleged:

"(1) The complaint intermingles and attempts to charge more than one separate and distinct cause of action in one count, and the complaint fails to state said causes of action separately, thereby confusing said causes and depriving the defendant of the right to demur separately thereto or to answer to one and demur to others, or otherwise separately treat said causes of action.

"(2) Said complaint contains an improper joinder of causes of action.

"(3) The complaint fails to state facts sufficient to constitute a cause of action for damages.

"(4) The complaint fails to state facts sufficient to support plaintiff's demand for an abatement of the stockyards mentioned and referred to in the complaint."

Of course, the first, third, and fourth reasons assigned by respondent are not among the grounds of demurrer stated in section 2348, R. C. 1919. Inasmuch as the only ground of demurrer properly presented is that contained within the fifth subdivision of section 2348, to wit, "that several causes of action have been improperly united," the arguments presented by respondent in support of its contention that the complaint fails to state facts sufficient to constitute either a cause of action for damages for fraud and deceit or a cause of action for damages for the maintenance of a nuisance, or a cause of action for the abatement of the stockyards, tends to negative respondent's contention that two causes of action have been improperly united, rather than to support it, for—

"It is only where the complaint states two or more good causes of action that a demurrer will lie for this cause; not where an unsuccessful attempt is made to state a second cause." 21 R. C. L. 523; McCook County v. Kammoss, 7 S. D. 558, 64 N. W. 1123, 31 L. R. A. 461, 58 Am. St. Rep. 854.

██ ██ We are of the opinion that the complaint does state a cause of action for the abatement of a nuisance, and that respondent has overlooked the language of paragraph 7, wherein respondent is charged with keeping said stockyards in a "filthy, unsanitary, and unwholesome condition." Furthermore, although the difference between appellants' original complaint and their amended complaint is so slight, we believe that the change made is sufficient to remove any doubt that appellants' complaint is brought under section 2873, R. C. 1919, hereinbefore quoted. That this was the intent of the pleader is indicated, not only by the statement of the cause of action, but also by the prayer for relief; for, as was said by this court in State v. Schamber, 39 S. D. 492, 165 N. W. 241, L. R. A. 1918B, 803:

"A prayer for relief may often assist in determining the nature of an action, where the nature thereof might otherwise be doubtful."

This is true, despite the well-established rule that "the relief prayed for, or to which a plaintiff may be entitled, is no part of his cause of action." 21 R. C. L. 489. Consequently there would be no improper uniting of several causes of action if, in addition to stating a cause of action for the abatement of a nuisance, appellants have also stated a cause of action for such damages as may be recovered under section 2873, even though the pleading may be subject to the first objection specified in respondent's demurrer.

██ ██ Are the damages pleaded such damages as are recoverable under section 2873? That section is practically identical with section 731, Cal. Code Civ. Proc. In Meek v. De Latour, 2 Cal. App. 261, 83 P. 300, 301, the court, after stating that an action to abate a nuisance is an action in equity, said:

"The demand for damages is but incidental to the main purpose of the suit"—citing Courtwright v. B. R. & A. W. & M. Co., 30 Cal. 573, which holds that the statute "has simply permitted the recovery of damages in the same action without resorting to a separate action at law; the claim for damages being treated as a mere incident to the main action."

However, appellants contend that the damage recoverable is the difference between the value of the farm before the land was taken and its value after the same was taken, and that the damage recoverable must be in such a sum as will compensate appellants for the "incidental or consequential injuries to the property, not actually taken for public use." That this is the measure of damages in an appropriate case has heretofore been stated by this court. C., M. & St. P. Ry. v. Brink, 16 S. D. 644, 94 N. W. 422, and Schuler v. Board of Supervisors, 12 S. D. 461, 81 N. W. 890; Searl v. City of Lead, 10 S. D. 312, 73 N. W. 101, 39 L. R. A. 345. But in Meek v. De Latour, supra, it was said:

"The nuisance may be abated or removed, and to give damages on account of the decreased value of the land would be to give damages for all the injury the premises would ever sustain, which would be clearly wrong"—citing Bigley v. Numan, 53 Cal. 403.

If, in this suit, appellants should secure the abatement of the nuisance of the stockyards and thereby restore appellants' property to its former condition of usefulness, utility, and value, and in the

same suit, recover the amount of permanent damage occasioned by the perpetual maintenance of the stockyards, appellants would recover damages not yet suffered and have their property undamaged. While we are unable to agree with appellants in their contention as to the measure of their damages in a suit for the abatement of a nuisance, we are nevertheless of the opinion that sufficient facts are alleged in their complaint, omitting superfluous allegations therein and when assisted by the words hereinbefore italicized in the prayer for relief, to allow the application of the correct measure of damages already suffered, which damages would be incidental to the main purpose of the suit, and which damages would not be compensated by merely restoring appellants' property to its former condition of usefulness, utility, and value.

We are therefore of the opinion that several causes of action have not been improperly united in appellants' complaint, and that the order sustaining respondent's demurrer thereto should be reversed.

BURCH, P. J., and POLLEY and BROWN, JJ., concur.
SHERWOOD, J., not sitting.
CAMPBELL, J., disqualified and not sitting.